The STATE of Missouri ex rel. George C. LEACHMAN, Collector of Revenue within and for the County of St. Louis in the State of Missouri, Plaintiff-Respondent,

v.

Ronald L. MATOUSHEK and Betty J. Matoushek, Defendants-Appellants.

No. 34034.

St. Louis Court of Appeals, Missouri.

July 27, 1971.

Rehearing Denied Oct. 6, 1971.

Ziercher, Tzinberg, Human & Michenfelder, Robert C. Jones, Clayton, for defendants-appellants.

Joseph B. Moore, County Counselor, Don R. Williams, Assoc. Co. Counselor, Clayton, for plaintiff-respondent.

LYON ANDERSON, Special Commissioner.

Plaintiff instituted this action to recover a personal judgment against defendants for

the amount of delinquent real estate taxes due for the calendar year 1965 on property owned by defendants. Plaintiff, George C. Leachman, is the Collector of Revenue for St. Louis County. The defendants, Ronald L. Matoushek and Betty J. Matoushek, are husband and wife. The property is known as Lot 78 of Forest Knoll, a subdivision located in St. Louis County. The prayer of the petition was for $300.56, the aggregate sum of the delinquent taxes, plus interest together with a ten per cent penalty, a fee for the collector, a fee for plaintiff's attorney and costs. Defendants filed an answer generally denying that the taxes were due. As a further defense it was pled that due to an error in plaintiff's office the alleged delinquent taxes were reported paid on November 17, 1965; that defendants relied thereon; that subsequent to that date the amount of said taxes was reinstated to the unpaid tax list and marked delinquent; and by reason of said facts plaintiff is estopped from enforcing the collection of the alleged delinquent taxes.

On the same date defendants filed a motion for summary judgment. Attached to said motion was an affidavit of Raymond O. Janning, Vice-President and Secretary of General Title Service Corporation. This motion was overruled by the court.

At the hearing on the merits plaintiff and defendants stipulated in open court that the facts set forth in the motion for summary judgment and affidavit were correct. Appellants have set out in their brief what they consider the relevant facts contained in said motion and affidavit. Respondent in his statement has adopted the facts thus set forth.

It appears from the agreed facts that the property upon which the taxes were assessed was Lot 78 of Forest Knoll, the plat of which is recorded in Plat Book 98, Pages 64 and 65 of the St. Louis County Records. On May 10, 1966 Charles McKenna, an owner of said lot, requested General Title Service Corporation to ex-amine the title of said lot and issue a certificate of title on same. An examination of the records of the Collector's office by General showed that the taxes on Lot 78 were paid on November 17, 1965. As a matter of fact, said taxes were not paid, but through a clerical error the records showed otherwise.

On July 13, 1966 the General Title Service Corporation issued its certificate of title showing title to said lot vested in Ronald L. Matoushek and Betty J. Matoushek, and that "General Taxes 1966 are a lien". Thereafter the records of the Collector's office were altered to show the 1965 taxes as delinquent. By letter dated December 3, 1968 General Title Service Corporation requested the County Council to remove from the records of the Collector's office the entry showing said taxes as unpaid. In a letter in reply dated May 29, 1969 Mr. Janning was advised that the request was denied. A statement issued by the Collector's office on May 16, 1969 shows the amount then due as $433.87.

The court rendered a personal judgment against defendants in the sum of $300.56 for taxes, $150.28 for interest, $9.02 for penalties, and $6.01 for attorney fees, aggregating $465.87. The court in said judgment also assessed the costs of the action against defendants.

On this appeal the parties have presented the issue whether under the facts plaintiff is estopped from collecting the alleged delinquent taxes. We will not decide this issue for the reason that the trial court was without jurisdiction to render a personal judgment against defendants for the 1965 real estate taxes assessed against their property. Section 140.640, R.S.Mo.1969, V.A.M.S. provides that a personal judgment is not authorized against any owner of any land or lot, or any interest therein, for any real estate tax levied against said property. The court below was without jurisdiction of the subject matter of the action. For that reason the judgment should be reversed. It is so ordered.

PER CURIAM.

The foregoing opinion by ANDERSON, Sp.C., is adopted as the opinion of this court. The judgment is reversed.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.