**Ruth Tegethoff MARTIN,**
**Plaintiff-Respondent,**

v.

**James A. MARTIN,**
**Defendant-Respondent,**

**Claude W. McElwee, Jr. and Jane E. McElwee, Movants-Appellants.**

No. 35790.

Missouri Court of Appeals,
St. Louis District,
Division Two.

March 2, 1976.

Philip S. Alexander, St. Louis, for movants-appellants.

Robert C. Jones, Clayton, for plaintiff-respondent.

David A. McMahon, St. Louis, for defendant-respondent.

KELLY, Judge.

This appeal is, so far as we have been able to ascertain, one of first impression. It has its genesis in a partition suit filed by Ruth T. Martin against her former husband James A. Martin, culminating in the sale of property they owned by a Special Commissioner appointed by the Circuit Court of St. Louis County. The appellants, the purchasers of one of two parcels of respondents' real estate sold at public auction by the Special Commissioner, bid in the property at $45,000.00 on June 29, 1973. On July 23, 1973, the Special Commissioner filed his Report of Sale with the Clerk of the Circuit Court and on that same day approved and confirmed the sale, publication expenses in connection with the sale amounting to $361.70 were allowed and the Special Commissioner was ordered to execute and deliver to the appellants a Special Commissioner's Deed to the parcel of property at 11 Yorkhill Drive, St. Louis County, Missouri. On July 30 the Special Commissioner was awarded a fee of $1,875.00 and Mrs. Martin's attorney a fee of $250.00. On August 6, 1973, the Special Commissioner filed his Application for Order of Distribution, and it is this document which is the bone of contention in this appeal.

According to the Application for Order of Distribution the Special Commissioner acknowledged receipt of $45,000.00 from the appellants for purchase of the parcel of realty and alleged that in addition thereto he had received from Mrs. Martin $17,-500.00 for the purchase of the other parcel; that certain specified costs and expenses, including fees and allowances, chargeable against the total sum received by him had been allowed and approved by the Court, to-wit: $361.70 for publishing notice of sale, $10.00 for his bond, $1,875.00 fee for Special Commissioner and a $250.00 fee for Mrs. Martin's attorney. These, he alleged, totalled $2,496.70. He further alleged that there were some costs and expenses chargeable against the proceeds received which had not as yet been allowed, and that these were court costs of $70.30 and "accumulated real property taxes of St. Louis County for the property described as Parcel 1 and commonly known as 11 Yorkhill Drive, St. Louis County," in "the sum of $916.47 and to the Collector of Revenue, City of Brentwood" in "the sum of $119.53," totalling $1,036.00;" [r]eal estate taxes adjusted January 1 to date of sale, June 29, 1973, . . in the sum of $518.00;" and "Parcel 1 sold at public auction with taxes paid through date of sale." He further alleged that the total costs and expenses previously allowed amounted to $3,014.70 and that the costs and expenses payable, but not yet allowed "aggregated" the sum of $3,085.00, leaving a balance of $59,415.00 to be divided so that each of the Martins received the sum of $29,707.50. On the same day the aforesaid Application for Order of Distribution was filed, the trial court entered an order ap-

proving the Application for Order of Distribution as well as the allowances for fees for the Special Commissioner and plaintiff's attorney as prayed therein. On September 19, 1973, appellants filed their "Motion of Purchasers to Correct Arithmetical Mistake in Application of Special Commissioner for Order of Distribution" wherein they allege, among other things, that they did not receive a copy of the Application for Order of Distribution and therefore did not learn of his "erroneous mathematical computation" until September 10, 1973. The thrust of appellants' Motion to Correct etc. is that in computing the total amount to be withheld from the proceeds of the sale the Special Commissioner failed to include real estate taxes due the City of Brentwood and St. Louis County for 1972, totalling $1,036.00; that, therefore, the amount which the Special Commissioner should have withheld from the proceeds of the sale was $4,121.00 rather than the $3,014.70 "mistakenly reported." They further allege that this error is "evident from the Commissioners (sic) Report," "mathematical in nature and should be corrected by this Court to comply with the true facts," and seek to have the trial court correct "nunc pro tunc" to comply with the facts. In addition to the relief by way of nunc pro tunc order, appellants' Motion further prays that the trial court enter its order requiring the Martins to make restitution of the funds with which "they were unjustly enriched in the amount of $518.00 each" and, failing such restitution, that a judgment be rendered against the Martins and each of them in that same amount.

On September 28, 1973, appellants' Motion was heard, the movants, the parties to the partition suit and the Special Commissioner were granted time for the filing of briefs. On October 19, 1973, appellants' Motion to Correct etc. was overruled by the trial court and on October 29, 1973, appellants filed their notice of appeal "from the Order of the Court overruling Motion of Purchasers to Correct Arithmetical Mistake

in Application of Special Commissioner for Order of Distribution, which Order was entered on the 19th day of October, 1973." The transcript from the trial court was filed in this Court on May 2, 1974, and on July 18, 1974, plaintiff-respondent filed her Motion to Dismiss Appeal and Suggestions in support thereof. On July 22, 1974, defendant-respondent likewise filed his Motion to Dismiss Appeal on the same grounds stated by plaintiff-respondent and adopted her motion by reference and incorporated therein her Suggestions in support of her motion. Appellants, on July 29, 1974, filed their Suggestions in Opposition and on December 12, 1974, this Court ordered that respondents' Motions to Dismiss Appeal be taken with the case.

Respondents' sole ground for dismissal of appellants' appeal is that the notice of appeal was not timely filed, i. e., that having been filed on October 29, 1973, it came more than forty days after the final judgment and order of the Circuit Court of St. Louis County entered on August 6, 1973, no motion for new trial having been filed. The thrust of respondents' Suggestions is that the order of August 6, 1973, approving the Special Commissioner's Application for Order of Distribution and allowance of fees is the judgment from which an appeal lies; that the appellants Motion to Correct etc., having been filed on September 19, 1973, came too late, after the judgment had become final, and after the trial judge lost jurisdiction to vacate, reopen, correct, amend or modify his judgment pursuant to Rule 75.01 V.A.M.R. They further suggest that the notice of appeal from the judgment of August 6, 1973, filed by plaintiff-respondent on September 17, 1973, and withdrawn on November 1, 1973, did not extend the time within which the appellants could file their appeal from the judgment of August 6, 1973. With respect to the merits of appellants' Motion to Correct, etc., respondents argue that what appellants seek is not available to them for the reason that the judgment had become final and

immune from correction etc. pursuant to Rule 75.01 V.A.M.R., and the error sought to be corrected here is a mistake or oversight of the trial judge—a judicial error—and not a clerical mistake or misprision of the clerk. *Aronberg v. Aronberg*, 316 S.W.2d 675, 681[6] (Mo.App.1958).

Appellants respond that their appeal lies not from the order of August 6, 1973, but as we have pointed out above, from the order of October 19, 1973, overruling appellants' Motion to Correct, etc., and that their Notice of Appeal was filed within the time allowed by Rule 81.04. As might be expected, appellants also take issue with respondents' position that the error sought to be corrected here is not one which can be corrected by a nunc pro tunc order.

■ The right of appeal is purely statutory and in the absence of specific statutory authority therefor there is no right of appeal. If an appeal is not authorized by the statute we have no jurisdiction of the cause, and whether the parties object to the court's jurisdiction, it is our duty to notice that question ex mero motu. *Powell v. Watson*, 516 S.W.2d 51, 52[1, 2] (Mo.App. 1974).

■ A purchaser of realty at a partition proceeding, where he is not a party to the proceedings, occupies a position affording him certain rights and liabilities which he may enforce and which he may be required to perform. It is clear, however, that he is under no duty to see that the purchase money he has paid to the Special Commissioner is properly distributed. 68 C.J.S. Partition § 220. It is the trial court having jurisdiction of the partition proceedings and of the funds resulting from the sale that determines how distribution shall be made and it is well settled law in this state that the final judgment in a partition suit, where the sale of lands is had, is the order whereby the sale is approved and confirmed and the distribution of the proceeds of the sale provided for. *England v.*

*Poehlman*, 359 Mo. 369, 221 S.W.2d 742, 744[1, 3] (Mo.1949). The appellants here have not appealed from that judgment and therefore respondents' Motion to Dismiss for the reason that appellants' notice of appeal was filed untimely is overruled.

■ The appellants here do not in their Motion to Correct etc. seek to have the final judgment in the partition proceedings set aside. The purpose of their Motion is to correct the judgment so that it reflects the judgment they contend the trial court intended to enter with respect to the order of distribution, more particularly with respect to the real estate taxes for 1972 which they assert were delinquent and remain unpaid by the Special Commissioner. If, as they argue, the judgment the trial court intended to enter required that those taxes be paid out of the purchase price, but, because of a clerical error the judgment failed to reflect that, it would appear to us that they are, for that limited purpose at least, "parties" to the cause of action who are aggrieved by the order of the trial court denying their Motion to Correct and proper parties to appeal from that order within the terms of § 512.020 RSMo 1969.

■ While it is true that the appellants in this cause are not personally liable for the unpaid and delinquent 1972 real estate taxes on the parcel they purchased at the partition sale, *State ex rel. Leachman v. Matoushek*, 471 S.W.2d 686, 687[1] (Mo.App. 1971), § 140.640 RSMo 1969, nevertheless, if the realty was sold at a partition sale where the decree, the notice of sale, or the Special Commissioner at the time of sale assured the purchaser that the tax liens would be satisfied out of the purchase price, then, if the proceeds of the sale are sufficient to satisfy the tax liens, the taxes should have been reported to the trial court in the Special Commissioner's Application for Order of Distribution as an expense of the sale, allowed and paid out of purchase price paid in by the appellants, and the tax liens, if any, for 1972 satisfied so that appellants

took the property free and clear of all tax liens. 68 C.J.S. Partition § 204, *Weseman v. Wingrove*, 85 N.Y. 353 (1881). We conclude that the appellants had standing to file the Motion to Correct etc. and to appeal from the order overruling that motion.

*In Re Dugan*, 309 S.W.2d 137, 143[14] (Mo.App.1957) the court said that one of the cardinal principles which pervades and hovers over all canons of construction is that statutes providing for appeal are to receive a liberal construction, and where a doubt exists as to the right of appeal it should be resolved in favor of that right. The statutes there under scrutiny were §§ 472.160 and 472.010 RSMo 1949 providing for appeals from orders, judgments or decrees of the probate court and the terms of the statute—"[a]ny interested person aggrieved"—broader than that in § 512.020 RSMo 1969. However, the interest there was that of a contingent debtor of the estate, the Missouri Pacific Railroad, which was seeking to have the order appointing letters issued to the public administrator for the purpose of bringing suit against the railroad for the wrongful death of the decedent. It would seem to us that if the railroad in *Dugan* had sufficient interest to appeal in that case where its liability was at best contingent, the appellants, who as we have concluded are "parties" to some extent, should be proper parties to pursue the appeal in this case from the order overruling their Motion to Correct, etc. See also *Listerman v. Day and Night Plumbing and Heating Serv.*, 384 S.W.2d 111, 120[11] (Mo. App.1964). We hold that they are.

The remaining issue which needs to be resolved then is whether the trial court erred in its ruling. We conclude that from the record we have before us we are unable to hold that it did.

▆▆▆▆ Any entry of judgment carries with it a presumption that it correctly states the judgment actually rendered, *Aronberg v. Aronberg*, supra, l.c. 681[7], and

the burden is on the movant to show by competent evidence that a different judgment than that intended was in fact rendered. However, to justify the court in correcting its record by a nunc pro tunc order, the record must in some way show, either from the judge's minutes, the clerk's entries, or some paper in the cause, the facts authorizing such entries, and no such entries can be made from the memory of the judge, nor on parol proof derived from other sources. *Aronberg v. Aronberg*, supra, l.c. 680[4].

In passing, we note that despite the fact the pleadings of both parties to the partition suit prayed that although they knew of no liens or encumbrances on the property appearing of record they prayed that the property be sold and that all valid liens, judgments and other encumbrances of record be paid. The Decree in Partition, however, does not so provide, ordering only that the property be sold at public sale to the highest bidder as provided by law, for cash, and that the proceeds of the sale be apportioned among the parties as their respective interests appear. The published Notice of Sale is not a part of the record before us, so we are unable to discern from it whether it notified those interested in bidding at the sale whether the properties were to be sold free of any tax liens. No record was made of what the Special Commissioner may have said in this respect at the time of sale, but, as we shall hereinafter note, it is clear that the Special Commissioner understood that the properties were to be sold free and clear of "[r]eal estate taxes adjusted January 1 to date of sale June 29, 1973" and apparently those taxes have been paid. The basis for appellants' position that the judgment entered was not that intended is the Application of the Special Commissioner for Order of Distribution, and more particularly paragraph 4, thereof, which reads as follows:

"4. That the accumulated real property taxes of St. Louis County for the property described as Parcel 1 and commonly

known as 11 Yorkhill Drive, St. Louis County, in the sum of:

$916.47

and to the Collector of Revenue, City of Brentwood, is in the sum of:

$119.53

real estate taxes, Parcel 1, totaling:

$1,036.00

Real estate taxes adjusted January 1 to date of sale June 29, 1973, is in the sum of:

$518.00

*Parcel 1 sold at public auction with taxes paid through date of sale.*" (Emphasis supplied).

Appellants argue from this that the amount of 1972 taxes due to St. Louis County was the sum of $839.72, interest in an amount of $58.78 and penalties in an amount of $17.97, totalling $916.47. That the $119.53 figure due the City of Brentwood for 1972 taxes, included interest and penalties. The sum of these two equals the figure of $1036.00 set out by the Special Commissioner as the total of the taxes due on Parcel 1, which, the appellants would have us find "from the record" are 1972 taxes which remain unpaid. There is no evidence in the record, however, to support this argument.

█ We are not favored with a brief by respondents and we would be remiss if we did not point out that it is because of the failure of the respondents to respond to the arguments of the appellants that this court was given an onerous burden to do its own research, computations, etc. Plaintiff-respondent's counsel was paid for his services in the partition suit out of the purchase price and was therefore under a duty to the defendant to see that the sale was properly conducted. Where the judgment is attacked either directly or collaterally, and his client's interest in the amount of the proceeds to be distributed to her are in question, counsel should have filed a brief in this court to aid and assist us in disposing of the issues raised. *Sandrowski v. Sandrowski*, 230 Mo.App. 1056, 93 S.W.2d 81, 84[9] (Mo. App.1936).

█ Nevertheless, we have concluded that the trial court was presented with the opportunity of correcting its own records, held a hearing, and found that the judgment entered was the judgment intended. Despite appellants' protestations that Paragraph 4 of the Special Commissioner's Application for Order of Distribution had reference to 1972 taxes which were delinquent, we find no evidence in this record that those taxes were due and remain unpaid. Rather, as we construe the Application, the taxes the Special Commissioner reported to the trial court were the 1973 taxes, pro-rated from 1 January, 1973, to date of sale, June 29, 1973. Nowhere in the Application is there any reference to 1972 taxes. Furthermore, if, as appellants would have us conclude, the 1972 taxes amounted to $1,036.00, including interest and penalties on both the county and municipal taxes, it would be by the most unusual coincidence that the 1973 taxes, which were due January 1, 1973 but not delinquent until after December 31, 1973, would equal the exact same amount as the 1972 taxes sans penalties and interest. We conclude that the trial court did not err in overruling appellants' Motion to Correct etc. Whatever other remedies are available to appellant we have not considered nor do we express an opinion thereon.

We affirm.

CLEMENS, P. J. and STEWART, J., concur.