Louis J. WARREN, Ellen L. Warren, and Richard L. Chandler, Plaintiffs-Appellants,

v.

Robert S. DRAKE, Jr., Ted Roush, Ruth O. Roush, and Ted Roush, Jr., Defendants-Respondents.

No. KCD 29226.

Missouri Court of Appeals, Kansas City District.

Aug. 28, 1978.

John K. Weilert, J. D. Williamson, Jr., Independence, for plaintiffs-appellants.

Mark T. Kempton, Sedalia, for defendants-respondents.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Judge.

The roots of the action from which this appeal arose run deep. In April of 1975 plaintiffs (appellants) filed suit to set aside a trustee's sale of certain real property owned by them in Benton County ostensibly conducted under a power of sale conferred by a deed of trust. Defendants Ted and Ruth Roush (respondents), mortgagee-payees of a delinquent promissory note secured by the deed of trust on the real property and by a security agreement on certain personal property, filed an answer and a counterclaim and in the latter prayed for judicial foreclosure of the deed of trust and security agreement, sale of the real and

personal property, extinguishment of plaintiffs' right of redemption, application of the proceeds of the judicial foreclosure sale in the order listed, and, in conclusion, for the amount of any deficiency that might remain owing to them after application and exhaustion of the proceeds of the sale.

Plaintiffs filed an answer to the counterclaim, and June 9, 1975, was set as the trial date for the issues joined in plaintiffs' petition and the counterclaim of defendants Ted and Ruth Roush. Plaintiffs failed to appear either in person or by counsel when the case was called on June 9, 1975. However, defendant Ted Roush appeared both in person and by counsel on said date, and the remaining defendants appeared by counsel. Defendants confessed judgment as to the relief prayed for by plaintiffs in their petition and then proceeded to offer evidence in support of their counterclaim, principally via the testimony of defendant Ted Roush. Prior to the introduction of any evidence in support of the counterclaim, counsel for defendants advised the court as follows: "The counterclaim, all we're asking, that the deed of trust be foreclosed, and that the equity redemption be extinguished, and the Court order the trustee to sell it." During the course of defendant Ted Roush's testimony he was asked the following question to which he gave the following answer:

"Q And you're asking the Court today for an Order directing the trustee to foreclose that and the security agreement and the deed of trust, and that the equity of redemption in the real and personal property be extinguished, and that the payment—that after the property is sold, the payment be first placed at costs and expenses of this action, and the same of the real estate, and the personal property, and then, next, the payment of the insurance, taxes, and the penalty, and the interest thereon; that—and third, that any balance be applied to the accrued interest and principal due on this note. Is that correct?

A That is correct."

Defendant Ted Roush concluded his testimony at this point and the trial judge then made the following announcement in open court: "Judgment for defendants ordering foreclosure and extinguishment and right of redemption, as per entry filed." Thereafter on June 9, 1975, according to the transcript, the following "entry" was made "upon the records of the Court in this cause": "Defendants (sic) appear and consent that trustees sale be set aside and trustees deed ordered cancelled. Hearing held on Counterclaim. Judgment for defendants ordering foreclosure and extinguishment of right of redemption as per entry filed." Also on June 9, 1975, a formal judgment was entered in favor of defendants Ted and Ruth Roush on their counterclaim. The decretal portion of the formal judgment "ordered, adjudged and decreed" foreclosure of the deed of trust and security agreement, sale of the real and personal property, extinguishment of plaintiffs' right of redemption, and application of the proceeds of the judicial foreclosure sale in the order listed. It contained no provision for and no mention was made of any deficiency judgment. The decretal portion of the judgment was preceded by a rather lengthy recital of findings of fact, among them being that $36,600.00 unpaid principal, $3,726.54 interest and $1,275.33 advanced for taxes was due and owing to defendants Ted and Ruth Roush.

On August 14, 1975, an "Execution to Foreclose Mortgage" was issued to the Sheriff of Benton County, Missouri, and pursuant thereto the real property described in the deed of trust was sold at public auction. Defendants Ted and Ruth Roush, having bid $29,000.00, were the successful bidders for the real property and the real property was conveyed to them by a sheriff's deed. It is unclear from the record as to the disposition made of the personal property covered by the security agreement. After the payment of all lawful expenses attendant the sheriff's sale of the real property, there remained due and owing to defendants Ted and Ruth Roush the sum and amount of $12,896.87.

On February 24, 1976, a "General Execution" was issued to the Sheriff of Benton County, Missouri, and pursuant thereto he levied execution upon and seized a boat belonging to plaintiff Richard L. Chandler. The boat was not included or described in the list of property set forth in the security agreement. Consequently, plaintiff Richard L. Chandler filed a "Motion to Quash Execution and Levy" which was sustained by the trial court.

On October 21, 1976, defendants Ted and Ruth Roush filed an "Application For Amendment of Judgment Nunc Pro Tunc" which was passed upon and granted by the trial court on November 19, 1976. So far as here pertinent, the decretal portion of the original judgment was amended to include a judgment in favor of defendants Ted and Ruth Roush for the amount of any deficiency that might remain owing to them after application and exhaustion of the proceeds of the sale of the collateral.

THe functional boundaries of nunc pro tunc orders are firmly established in this state. They lie to correct clerical omissions, mistakes or misprisions so as to make the record speak the truth by evidencing an act done or a judgment actually rendered at a prior time but not carried into or faithfully recorded in the record; they do not lie to correct judicial errors, mistakes or oversights, or to create a new record or to enter a judgment never made or one different from that actually rendered, albeit the judgment rendered was not the judgment the judge intended to make. *Van Noy v. Huston,* 448 S.W.2d 622, 625 (Mo.App.1969); *Aronberg v. Aronberg,* 316 S.W.2d 675, 681 (Mo.App.1958); *Arkansas-Missouri Power Company v. Hamlin,* 288 S.W.2d 14, 20 (Mo.App.1956); and *Ackley v. Ackley,* 257 S.W.2d 401, 403 (Mo.App.1953). The presumption is indulged that a judgment in fact entered is the judgment actually rendered and he who seeks to correct or modify it by a nunc pro tunc order carries the burden of proving by competent evidence that a different judgment was, in fact, rendered. *Martin v. Martin,* 534 S.W.2d 621, 626 (Mo.App.1976); and *Van*

*Noy v. Huston,* supra. To meet this burden, thereby justifying correction of a judgment by a nunc pro tunc order, "the record must in some way show, either from the judge's minutes, the clerk's entries, or some paper in the cause, the facts authorizing such entries, and no such entries can be made from the memory of the judge, nor on parol proof derived from other sources." *Martin v. Martin,* supra, at 626.

Plaintiffs (appellants) submit that the nunc pro tunc order entered by the trial court on November 19, 1976, amending the judgment entered on June 9, 1975, by adding a decretal provision awarding defendants Ted and Ruth Roush a personal judgment against plaintiffs for any deficiency remaining after application and exhaustion of the proceeds of the judicial foreclosure sales of the real and personal property, constituted the entry of a judgment that was never made and one which was different from that actually rendered. To counter plaintiffs' position, defendants Ted and Ruth Roush rely upon (1) the inclusion of a prayer for a deficiency judgment in their counterclaim, (2) specific mention in the recital provisions of the formal judgment entered June 9, 1975, that $36,600.00 unpaid principal, $3,726.54 interest and $1,275.33 advanced for taxes was due and owing to them, (3) entry of the aforementioned amounts in the "Judgment Docket of Benton County, Missouri," and (4) mention made in the minute entry of June 9, 1975, in the trial judge's docket book that "[j]udgment for defendants ordering foreclosure and extinguishment and right of redemption" was *"as per entry filed"*. (Emphasis added.)

The four matters alluded to by defendants Ted and Ruth Roush as documenting that the judgment entered (omitting a deficiency judgment) was not in fact the judgment rendered (including a deficiency judgment) are singularly and collectively misplaced and the trial court improperly relied upon them as record indicia that the judgment rendered on June 9, 1975, included an award for a deficiency judgment.

The presence of a request for a deficiency judgment in the prayer of the counterclaim is of no persuasional moment whatsoever because defendants Ted and Ruth Roush for all practical purposes, by means of a positive statement made by their counsel in open court and the unequivocal testimony of Ted Roush, their principal witness, abandoned their prayer for a deficiency judgment and the trial court obviously acquiesced in their doing so because the judgment which was rendered, as reflected by both the minute entry and the decretal portion of the formal judgment entered, completely omitted any mention or reference to a deficiency judgment.

█ Specific mention in the recital portion of the June 9, 1975, formal judgment that $36,600.00 unpaid principal, $3,726.54 interest and $1,275.33 advanced for taxes was due and owing to defendants Ted and Ruth Roush fails to aid them for a number of reasons. A judgment does not reside in its recitals, but in its mandatory or decretal provisions and any inconsistency between the two gives way to the latter. *Casper v. Lee,* 362 Mo. 927, 245 S.W.2d 132 (banc 1952); *Page v. Page,* 516 S.W.2d 537 (Mo. App.1974); and *State ex rel. Lodwick v. Cottey,* 497 S.W.2d 873 (Mo.App.1973). Moreover, recital of the various amounts due and owing defendants Ted and Ruth Roush, under all the circumstances disclosed by the record, was obviously done for the purpose of affording a basis for allocation of the proceeds of the judicial foreclosure sale.

█ Defendants' contention that entry of the various amounts mentioned above in the "Judgment Docket of Benton County, Missouri", constitutes record evidence of unimpeachable reliability to support the nunc pro tunc order of November 19, 1976, is untenable. No such judgment docket entry is contained in the transcript on appeal. The only reference to a judgment docket entry in the transcript on appeal is found in all allegations contained in defendants' unverified "Application For Amendment of Judgment Nunc Pro Tunc". It is axiomatic that appellate review cannot reach matters never offered in evidence nor included in the transcript on appeal. When this gap exists, it cannot be closed by unsupported assertions in pleadings and briefs. *Davis v. Long,* 521 S.W.2d 7, 9 (Mo.App.1975).

According to defendants Ted and Ruth Roush, their final ally in support of the controversial nunc pro tunc order are the words, "as per entry filed", found in the minute entry made by the trial judge in his docket book on June 9, 1975. These words, "as per entry filed", completed the following sentence: "Judgment for defendants ordering foreclosure and extinguishment of right of redemption as per entry filed." Limiting all reference therein to a judgment in favor of defendants for "foreclosure" and "extinguishment of right of redemption" comported with defendants' abandonment of their prayer for a deficiency judgment and was consistent with the remaining relief prayed for in defendants' counterclaim. Likewise, construing the words, "as per entry filed", as having reference solely to "foreclosure" and "extinguishment of right of redemption" comports with defendants' abandonment of their prayer for a deficiency judgment and is consistent with the remaining relief prayed for in defendants' counterclaim.

In spite of defendants' spirited adjurations to the contrary, the record in this case was wholly bereft of any competent evidence upon which to predicate the nunc pro tunc order drastically changing the original judgment rendered in this case. The record in this case, viewed in its entirety, militates in favor of plaintiffs and against defendants and convincingly demonstrates that the nunc pro tunc order sought by defendants and entered by the trial court was tantamount to a judgment never made and a judgment different from that originally rendered. Stripped of all rhetorical pretentiousness, defendants did not continue to seek and the trial court did not originally render a deficiency judgment.

The order of the trial court of November 19, 1976, purporting to amend the June 9, 1975, judgment nunc pro tunc is hereby

reversed and the cause is remanded with directions to reinstate the original judgment entered.

All concur.