**LAND CLEARANCE FOR REDEVELOPMENT AUTHORITY OF ST. LOUIS COUNTY, Missouri, Respondent,**

v.

**Martha ROBINSON, Appellant.**

**No. 42094.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 9, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 1981.

Anthony L. Anderson, Clayton, for appellant.

Gerald J. Zafft, St. Louis, for respondent.

CRIST, Presiding Judge.

Appeal from the entry of a *nunc pro tunc* order amending a 13 year old judgment in a condemnation action. We reverse.

Respondent (hereinafter "Land Clearance") filed its condemnation petition on February 19, 1965. This petition, as amended, involved 17 different parcels which were described in paragraphs 17 through 33 of such petition. Each of these 17 paragraphs gave the parcel number of the land being condemned, the owners of the property, and a description of the parcel containing the lot numbers and the block number of the property.

The following charge indicates the parcel number and block number specified in each of the 17 paragraphs of the petition:

| Paragraph Of Petition | Parcel Number | Block Number |
| --- | --- | --- |
| 17 | 2–10 | 2 |
| 18 | 2–11 | 2 |
| 19 | 11–9 | 11 |
| 20 | 12–9 | 2 |
| 21 | 13–15 | 13 |
| 22 | 13–5 | 13 |
| 23 | 14–2 | 14 |
| 24 | 14–3 | 14 |
| 25 | 14–4 | 14 |
| 26 | 14–5 | 14 |
| 27 | 14–6 | 14 |
| 28 | 14–12 | 14 |
| 29 | 15–8 | 15 |

| Paragraph Of Petition | Parcel Number | Block Number |
| --- | --- | --- |
| 30 | 24–1 | 24 |
| 31 | 24–12 | 24 |
| 32 | 25–3 | 25 |
| 33 | 25–4 | 25 |

All of the parcels are numbered in a manner so as to correspond to the block in which they are located *except* for parcel 12–9. It is the only parcel in which the first number of the parcel is not also the block number.

The 17 parcels are arranged in order of increasing parcel numbers. All of the parcels are similarly arranged in order of increasing block numbers, with the exception of parcel 12–9.

Paragraph 20 of the petition contained a typographical error with respect to the block number of the land described therein. It contained the correct parcel number (parcel 12–9) and the correct owners, including appellant Martha Lee Robinson (hereinafter "Robinson"). Paragraph 20, however, described parcel 12–9 as "Lots 1, 2, 37 and 38 in Block *2* of Elmwood Park . . . instead of correctly describing it as Lots 1, 2, 37 and 38 in Block *12* of Elmwood Park." (Emphasis added)

Robinson and one of the other owners of the land in question filed a general denial. On June 7, 1966, the trial court issued an order condemning the property "set out in the Petition" and appointed commissioners.

The commissioners' report contained the same, erroneous description. Damages in the sum of $3,850.00 was assessed on this land, which sum was paid into the registry of the court. Robinson was given notice of this award of damages. Robinson filed exceptions on September 28, 1966. None of the $3,850.00 award was taken by Robinson. $5.38 thereof was paid to the collector of revenue on December 27, 1967 for taxes. On April 16, 1974, Robinson's exceptions were dismissed by the court for failure to prosecute.

The trial court, without objection, took judicial notice of cause number 411631 filed July 7, 1978 and now pending in the circuit court of St. Louis County. This suit in

ejectment was filed by Robinson against Boyles Galvanizing Company for possession of the land in question. Land Clearance is a third-party defendant in that ejectment suit.

On April 11, 1979, Land Clearance filed an application for order *nunc pro tunc* seeking to correct the condemnation order of June 7, 1966 so as to show the correct description. A hearing was held on this application on May 3, 1979. Land Clearance presented evidence, after Robinson's objection thereto was overruled, that Robinson had no interest in the land described in the petition, order, and commissioner's report, but did have an interest in Lots 1, 2, 37 and 38 of Block *12* of Elmwood Park. The trial court took judicial notice of the original condemnation file number 265637 and file number 411631 mentioned in the last, above paragraph. Robinson offered no evidence.

On May 31, 1979, the trial court ordered "all reference and entries in the Court's record to 'Lots 1, 2, 37 and 38 in Block 2 of ELMWOOD PARK' shall be deemed to read 'Lots 1, 2, 37 and 38 in Block 12 of ELMWOOD PARK,' *nunc pro tunc* as of the respective dates of the original references and entries."

■ The *nunc pro tunc* order was improvidently entered because there was no basis in the record for such order. *Warren v. Drake*, 570 S.W.2d 803, 806[1][2] (Mo.App. 1978) set out the law relating to *nunc pro tunc* orders as follows:

> The functional boundaries of nunc pro tunc orders are firmly established in this state. They lie to correct clerical omissions, mistakes or misprisions . . . they do not lie to correct judicial errors, mistakes or oversights, or to create a new record or to enter a judgment never made or one different from that actually rendered, albeit the judgment rendered was not the judgment the judge intended to make. [Citations omitted] . . . To . . . [justify] correction of a judgment by a nunc pro tunc order, "the record must in some way show, either from the judge's minutes, the clerk's entries, or some paper in the

cause, the fact authorizing such entries, and no such entries can be made from the memory of the judge, nor on parol proof derived from other sources." *Martin v. Martin*, 534 S.W.2d 621, 626 (Mo.App. 1976).

Land Clearance relies upon *First National Bank of Collinsville v. Goldfarb*, 527 S.W.2d 427 (Mo.App.1975) where a *nunc pro tunc* order substituted "defendants" for "defendant". However, it was obvious from the record in *Goldfarb* that the judgment should have been against both of the defendants. Not so in the case at bar.

■ There was a misdescription at all stages of the proceedings. Robinson did not take her money. The mere fact that someone might have figured out there was an error in the petition is insufficient. Some evidence must appear in the record indicating that a clerical error was made to render a *nunc pro tunc* order the appropriate remedy. See, *Fields v. Fields*, 584 S.W.2d 163, 165 (Mo.App.1979). Land Clearance's remedy is not by way of *nunc pro tunc*. See, *State ex rel. County of Mississippi v. Stallings*, 434 S.W.2d 588, 591 (Mo.1968).

The judgment is reversed.

REINHARD and SNYDER, JJ., concur.