In re ARTICLES OF ASSOCIATION AND PETITION FOR FORMATION OF A LEVEE DISTRICT.

**DARDENNE LEVEE DISTRICT, Appellant,**

v.

**James SMITH and George Capehart, Respondents.**

No. 43834.

Missouri Court of Appeals, Eastern District, Division Four.

April 20, 1982.

Niedner, Moerschel, Ahlheim, Bodeux & Lockett by Rollin J. Moerschel and Norman C. Steimel, St. Charles, for appellant.

John T. Bruere, St. Charles, for respondents.

SATZ, Judge.

In 1954, the Circuit Court of St. Charles County entered a judgment approving a petition for the formation of the Dardenne Levee District (Levee District). The judgment specifically approved the formation of the Levee District "for a term of twenty years." In 1980, the Levee District moved the court to change the term of years from twenty to ninety-nine years by an order nunc pro tunc.[1] The motion was denied. The Levee District appeals. We affirm.

In 1954, Chapter 245 RSMo 1949 authorized landowners to form a levee district to reclaim or protect swamp, wet or overflowed land. § 245.015 RSMo 1949.[2] The landowners were required to file written articles of association in the circuit court in whose jurisdiction the land was located. § 245.015. Among other things, the articles had to state the number of years the levee district was to continue, § 245.015, and the articles were to include "a petition praying that the lands ... described ... be declared a levee district ...." § 245.015. The circuit clerk was required to publish notice of the filing of the articles, § 245.-020, and other landowners could file objections "limited to a denial of the statements in the articles of association." § 245.025. The court was to hear the objections in a "summary manner", § 245.025, and, if the objections were overruled, the court was to "declare and decree [the] levee district a public corporation of the state, for a term not exceeding the time mentioned in [the] articles of association ...." § 245.025.

In compliance with these statutes, landowners, who owned land near Dardenne Creek in St. Charles County, filed their Articles of Association and Petition for Formation of a Levee District in the Circuit Court of St. Charles County. The Articles proposed that the Levee District was to continue for ninety-nine years. After proper notice, the matter was heard by the court and only the petitioners and the signers of the Articles of Association appeared. In October, 1954, the court entered its decree declaring the Levee District to be a public corporation of the state. The decree contained a prefatory recital of facts showing compliance with the statutes, and the recital incorporated the Articles of Association by reference. The recital is followed by the decree itself which reads:

---

1. Neither the existence of the Levee District nor its authority to seek relief is in issue on appeal.

2. Chapter 245 RSMo 1978 still authorizes the formation of levee districts. In this opinion, all statutory references are to RSMo 1949, the statutory compilation in effect when the trial court's judgment was entered in 1954.

"IT IS THEREFORE ORDERED, AD-JUDGED AND DECREED . . . that the prayer of the petitioners and signers of said Articles of Association be and the same is hereby granted, and that said contiguous body of . . . land . . . is hereby declared and organized as a public corporation of this State, . . . to continue and be for a term of *twenty years* . . . ." (Emphasis added).

In 1980, the Levee District moved the court to change the limitation of "twenty years" in the decree to "ninety-nine years" by an order nunc pro tunc. The motion was denied and this appeal followed.

■ On appeal, the Levee District accepts the firmly established functional boundaries of nunc pro tunc orders. As noted by the Levee District, nunc pro tunc orders "lie to correct clerical omissions, mistakes or misprisions . . . ; they do not lie to correct judicial errors, mistakes or oversights, or to create a new record or to enter a judgment never made or one different from that actually rendered, albeit the judgment rendered was not the judgment the judge intended to make. [Citations omitted] . . . . To . . . [justify] correction of a judgment by a nunc pro tunc order, 'the record must in some way show, either from the judge's minutes, the clerk's entries, or some paper in the cause, the fact authorizing such entries, and no such entries can be made from the memory of the judge, nor on parole proof derived from other sources.'" *Warren v. Drake*, 570 S.W.2d 803, 806 (Mo.App.1978).

The Levee District does not use "judge's minutes" or "clerk's entries" to support its claim to an order nunc pro tunc; rather, it rests its claim on the Articles of Association and Petition for Formation of a Levee District and the 1954 decree.

■ The Levee District first argues that the twenty year limitation on its existence must have been a clerical error because the trial court found the Articles of Association to be lawful, noted there were no objections to the Articles and did not indicate a reason to reduce the term of years from the nine-ty-nine years mentioned in the Articles. This argument is not persuasive. The absence in the decree of any specified reason for reducing the term of years from ninety-nine to twenty years does not compel the inference that a reason did not exist. There was a hearing following the filing of the Articles and Petition which has not been preserved for our review, and we do not have the benefit of any judgment book entries, minutes or other possible relevant memoranda. If a specified reason were necessary for reducing the term of years, any one of these sources may have contained the reason for entering the presumptively valid decree of a twenty year life.

■ The Levee District next asserts that the decretal portion of the decree is ambiguous. It states that the prayer of the petitioners for the levee district was a prayer for "the creation of a levee district with a life of ninety-nine years." It then points out that the decree grants "the prayer of the petitioners and of [the] Articles of Association . . . ." An ambiguity is created, the Levee District reasons, by the court granting, on the one hand, the prayer which requested a term of ninety-nine years and, on the other hand, specifically declaring the term to be twenty years. What comfort the levee district draws from this asserted ambiguity is not clear. More important, the asserted ambiguity does not exist.

■ First, the prayer in issue does not request a term of ninety-nine years. The prayer simply requests the described lands to be declared a levee district. That is the only prayer required by § 245.015 and that was decreed by the Court. Second, the only reference to a term of ninety-nine years is made through the incorporation of the Articles of Association into the recital portion of the decree. If any ambiguity was created, it was created by this indirect reference in the recital. However, a judgment resides in its decretal provisions, not its recitals, and any inconsistency between the two is resolved in favor of the decretal provisions. *Warren v. Drake, supra* at 807. On this record, it would be improper to change the judgment by a nunc pro tunc order to

conform to the term of years mentioned in the recital. *Id.* at 807.

Finally, the Levee District contends the authorizing statute did not permit the trial court to grant a term of years for the district's existence other than the term set forth in the Articles of Association. Thus, the Levee District reasons, the court presumptively intended to act within the scope of its authority and intended to grant the ninety-nine year term rather than the twenty-year term.

This argument rests on the language of § 245.025 which provides that the circuit court shall decree the levee district a public corporation of this state, "for a term not exceeding the time mentioned in [the] articles of association signed and filed." Obviously, the term "not exceeding" permits the court to decree the life of the district "less than" the time mentioned in the Articles of Association. The Levee District turns the term "not exceeding" on its head and construes it to mean "not less than." This construction is contrary to the plain meaning of the words of the statute and, therefore, we reject it. *Breeze v. Goldberg*, 595 S.W.2d 381, 382 (Mo.App.1980).

We must presume that the judgment entered in 1954 was the judgment actually rendered. *E.g., Martin v. Martin*, 534 S.W.2d 621, 625 (Mo.App.1976). The Levee District has not overcome this presumption.

Judgment affirmed.

SMITH, P. J., and PUDLOWSKI, J., concur.