In re Marriage of Joseph L. JOHNSON, Respondent,

v.

Elizabeth Jane JOHNSON, Appellant.

No. 45200.

Missouri Court of Appeals, Eastern District, Division Three.

May 17, 1983.

Motion for Rehearing and/or Transfer Denied July 6, 1983.

Application to Transfer Denied Aug. 16, 1983.

John L. Riley, Clayton, for appellant.

Richard B. Dempsey, Clayton, for respondent.

CRIST, Judge.

Appeal from an order sustaining respondent's application to amend nunc pro tunc a dissolution decree and denying appellant's application for same.

Appellant (wife) and respondent (husband) executed a separation agreement on July 15, 1976. This agreement provided, inter alia, for husband to pay wife $22,-400.00 annually as maintenance. It also called for the $22,400.00 maintenance award to be reduced *by* $13,500.00 annually in the event wife should sell or lease the marital home.

On August 11, 1976, the court entered its dissolution decree which provided for the annual maintenance, upon the sale or lease of the home, to be reduced *to* $13,500.00. The court's decree was prepared in accordance with a handwritten memorandum on Form # 43 filed by husband's attorney and signed by wife's attorney in compliance with Rule 54.2 of the Twenty-first Judicial Circuit. This memorandum upon which the court entered its final decree also contained the "*to*" language.

In June of 1981, wife sold the marital home. Wife now wants an annual maintenance of $13,500.00, whereas husband believes the separation agreement obliges him to pay $8,900.00. Both parties filed applications to amend the divorce decree nunc pro tunc. The court granted husband's application and amended the dissolution decree, whereupon wife appealed.

The dissolution hearing, held August 11, 1976, consisted principally of the direct and cross-examination of wife concerning her understanding of and consent to the various points covered in the separation agreement. It was signed by her and her attorney. She testified to understanding its terms and conditions. She further testified under direct examination:

Q. In paragraph 7 it is provided that you would receive the sum of $22,400.00 annually from Mr. Johnson in equal monthly installments. Do you understand that is Mr. Johnson's obligation to pay you that as maintenance?

A. Yes.

Q. Do you understand, also, that the payment of that sum is not subject to modification by this Court?

A. Yes.

Q. You also understand, Mrs. Johnson, if in the event you sell the home in Clayton Road or lease it out for compensation, that the amount that Mr. Johnson will be obliged to pay as maintenance will be reduced by thirteen thousand, five hundred dollars annually?

A. Yes.

Q. That is only in the event you sell or lease out the home.

A. Yes.

■ Nunc pro tunc orders lie to correct errors of a clerical nature. *In re Marriage of Royall,* 569 S.W.2d 369, 370 (Mo.App. 1978). Entry of judgment correcting the error cannot be made unless supported by some writing in the record which shows the judgment as actually rendered. *Levanthal v. Levanthal,* 629 S.W.2d 505, 507–508 (Mo. App.1981). Such evidence is afforded us in the record of the instant case.

■ The parties were familiar with the separation agreement. Mrs. Johnson testified to reviewing it, understanding it and consenting to its terms. The agreement contains several corrections initialed by both parties. The corrections were appar-

ently made by the parties in an earlier review of the document. The court was satisfied with the agreement arrived at by the parties.

The court did not find the separation agreement to be unconscionable. It went on to say, "[s]ince the agreement does not provide otherwise, the agreement will be incorporated in and made a part of the decree." In concluding the hearing, the court stated, "a decree of dissolution is granted as per memo filed." Whereupon the court entered its decree pursuant to Form # 43 filled out by husband's counsel and signed by the attorneys for both parties.

It is in this memorandum, which the court admittedly relied on, we first find the erroneous use of the word "*to.*" We can be assured the use of the word "*to*" in the memo was error as it is entirely unlikely that husband's attorney would gratuitously volunteer his client to pay a figure far in excess of the amount agreed to by the parties.

The court intended for its judgment to be in accordance with the agreement entered into by the parties. The court's use of the phrase "to $13,500.00" rather than "by $13,-500.00" was mere clerical error. It was a proper subject for a nunc pro tunc order in favor of respondent husband. *Fields v. Fields,* 584 S.W.2d 163, 165 (Mo.App.1979). Rules 74.30, 74.31.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.