In re the Marriage of Gloria Elaine KATZ, Appellant,

v.

Harold I. KATZ, Respondent.

No. 50226.

Missouri Court of Appeals, Eastern District, Division One.

April 29, 1986.

Paul H. Schramm, M. Harvey Pines, Mark S. Corman, Clayton, for appellant.

Margaret W. Fox, St. Louis, Frances M. Luehrman, Clayton, for respondent.

SNYDER, Judge.

The wife appeals from a judgment granting respondent-husband's motion for an order nunc pro tunc to correct a clerical error in the dissolution decree entered by the same court. The judgment is affirmed.

The St. Louis County circuit clerk in early 1985 revised the printed decree forms used in dissolution cases by adding the following language:

"There is no liability to continue payments of maintenance after the death of the recipient and no liability to make substituted payments after the death of the recipient."

This language was added to the printed forms to conform with the Federal Tax Reform Act of 1984 which provided that language to this effect was required in dissolution decrees entered after December 31, 1984 in order that maintenance payments be deductible to the payor spouse and includible as income to the recipient spouse. The revised decree form itself shows "Form 43 Rev. 1/85" as the effective date.

The trial court entered a decree of dissolution in the marriage of Gloria Katz, appellant, and Harold Katz, respondent, on January 4, 1985. Part of the decree was typed on an unrevised printed form which did not contain the new language.

On February 7, 1985, the trial court, on respondent's motion, entered an order amending the judgment, and overruled appellant's motion to amend the judgment. The amended judgment also failed to include the new language of the revised decree form.

Respondent filed a motion for an order nunc pro tunc with the court's clerk on May 3, 1985. Respondent mailed a copy of this motion to appellant's counsel on the same day. The trial court granted the motion on the same day it was filed without a hearing or discussion with either party or counsel.

Appellant alleges the trial court erred in granting the order nunc pro tunc for two reasons: 1) the order was granted ex parte without notice to appellant or a hearing; and 2) the alteration to the judgment was not merely a clerical error and thus the nunc pro tunc order was improper.

Appellant's second point on appeal is considered first for the reason that if the order were improper, the fact that it was granted ex parte becomes irrelevant. In point two, appellant asserts that the omission from the decree of the language concerning the liability for maintenance payments after the recipient's death was not a clerical error and therefore not a proper subject for an order nunc pro tunc. The point is denied.

In reviewing a trial court's ruling on a motion for a nunc pro tunc order the presumption is that the judgment entered is the judgment actually rendered by the court and the burden is on the movant to show that a different judgment was in fact rendered. *In re Marriage of Royall,* 569 S.W.2d 369, 370[1] (Mo.App.1978).

Nunc pro tunc orders "lie to correct clerical omissions, mistakes or misprisions so as to make the record speak the truth by evidencing an act done or a judgment actually rendered at a prior time but not carried into or faithfully recorded in the record." *Warren v. Drake,* 570 S.W.2d 803, 806 (Mo.App.1978). Nunc pro tunc orders are not proper to correct judicial errors mistakes or oversights, or to create a new record or to enter a judgment never made or one different from that actually rendered. *Id.*

A valid correction nunc pro tunc must be supported by something in the record which authorizes the corrective entry. *Overby v. Overby,* 682 S.W.2d 872, 874 (Mo.App.1984); *Johnson v. Johnson,* 654 S.W.2d 212, 213[1] (Mo.App.1983); *In re Articles of Ass'n. and Petition v. Smith,* 635 S.W.2d 66, 68[1] (Mo.App.1982).

In the case under review, the omission of the language in the dissolution decree occurred because of clerical error. The court clerk failed to use the proper decree form. An order correcting a mistake of this nature does not change the judgment but merely alters the judgment to reflect the judgment actually rendered. The clerical error in this case, use of a wrong form, is a mistake properly corrected by a nunc pro tunc order. *See First National Bank of Collinsville, Ill. v. Goldfarb,* 527 S.W.2d 427, 430[2–4] (Mo.App.1975).

Appellant asserts that there is nothing in the record to support the addition of the omitted language. Appellant argues that respondent was therefore actually seeking an amendment of the dissolution decree which the circuit court could not entertain because it had lost jurisdiction of the case.

Appellant is correct in stating that the record does not reflect any reference to the omitted language prior to the filing of the nunc pro tunc motion. The absence of any reference in the decree to the omitted language, however, supports respondent's contention that the mistake was a clerical error.

As of January 1, 1985, all dissolution decrees were to automatically contain the language omitted in this case if they were to conform to the federal tax law. Even in the absence of the new language, however, maintenance terminates on death or remarriage unless the trial court rules specifically that it shall not. Sec. 452.370.2 RSMo.Cumm.Supp. (1984). The trial court did not make that specific ruling. The judgment was the same whether or not the new form was used. The trial court's silence on this matter indicates its reliance on the pre-printed form on which the court clerk should have typed the decree.

Appellant's rights under the decree were not changed by the nunc pro tunc order. Whether the new form was used or not, appellant was entitled to the same maintenance, and for the same period of time. Appellant's point is denied.

The change in the form related only to federal tax consequences. The timing was such that, had the decree been rendered five days earlier, the problem would not have arisen. The maintenance payments would have been, without question, taxable to the wife.

It was the federal law that required the change and it is doubtful that the parties contemplated the propriety of the decree form or questioned that the maintenance payments would be taxable to the wife until after the decree had been handed down on January 4, 1985. The wife may not take advantage of the fact that the court clerk used the wrong form by prolonging the litigation and attempting to use what was obviously a clerical error to gain unwarranted advantage.

Appellant also asserts the trial court erred in granting respondent's motion for

the order nunc pro tunc because she was not given timely notice nor an opportunity to be heard in violation of both the United States and Missouri Constitutions. This point is also denied.

 Notice and hearing are not required before making a nunc pro tunc correction of a judgment. *Cruces v. State,* 452 S.W.2d 180, 182 (Mo.1970); *Farmington Building Supply Co. v. L.D. Pyatt Construction Co.,* 627 S.W.2d 648, 652[9, 10] (Mo.App.1981); *Conrath v. Houchin,* 226 Mo.App. 261, 34 S.W.2d 190, 195–96[11] (1930).

Appellant relies on Rule 44.01(d) which requires five days notice before a hearing on a motion. This rule, by its own language, does not apply to motions, such as a nunc pro tunc motion, which can be heard ex parte.

Appellant also cites *Dougherty v. Manhattan Rubber Mfg. Co.,* 325 Mo. 656, 29 S.W.2d 126 (1930) for the proposition that whenever a party's rights are to be affected by a summary proceeding or motion in court that party should be notified so that he may appear for his own protection. 29 S.W.2d at 127[1].

The alteration to the decree in the case under review did not affect appellant's rights because her rights were the same after the nunc pro tunc order as they were before it was issued. The decree was silent about when maintenance ends. Sec. 452.370.2 RSMo.1978 (Cum.Supp.1984) provides that absent any language to the contrary in the decree, maintenance ends upon the death of the recipient spouse. The judge's order nunc pro tunc adding this omitted language to the decree did not change appellant's rights because they were already fixed by the January 4, 1985 order.

 The United States Supreme Court cases appellant cites are not apposite on this issue as they too involve cases where notice and an opportunity to be heard are required prior to the deprivation of a significant property interest. *See Memphis Light, Gas and Water Division v. Craft,*

436 U.S. 1, 16, 98 S.Ct. 1554, 1564, 56 L.Ed.2d 30 (1978). No significant deprivation of property was at stake here because appellant's property interests were not changed. The nunc pro tunc order could properly be granted ex parte. Point two is denied.

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.