In re MARRIAGE OF Carla M. Ray and Wendell P. Ray.

Carla M. RAY, Petitioner/Appellant,

v.

Wendell P. RAY, Respondent/Respondent.

Carla M. RAY, Petitioner/Cross-Appellant,

v.

Wendell P. RAY, Respondent/Cross-Respondent.

Carla M. RAY, n/k/a Carla M. Trammell, Petitioner/Respondent,

v.

Wendell P. RAY, Respondent/Appellant.

Nos. 59599, 59858 and 59939.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 10, 1991.

Elbert A. Walton, Jr., St. Louis, for petitioner/appellant.

Michael Geigerman, St. Ann, for respondent/respondent.

CRANE, Judge.

The marriage of the parties to this action, Carla Maria Ray [Mother] and Wendell Patterson Ray [Father], was dissolved in the Circuit Court of the City of St. Louis in 1987. Subsequent to the dissolution, the trial court entered three separate orders in the action, one amending the original decree nunc pro tunc, one finding the mother not in contempt and one dismissing Father's Motion to Modify and Granting Mother's Motion to Quash for lack of jurisdiction. Mother appeals the order amending the original decree nunc pro tunc. Father appeals the order which found mother not in contempt and the order which dismissed his motion to modify. We have consolidated these appeals. We affirm the amendment nunc pro tunc and the dismissal of the motion to modify. We reverse the order finding mother not in contempt.

Mother and Father were married in 1982. Two children were born during the marriage. The Circuit Court in the City of St. Louis dissolved the marriage by a Decree of Dissolution entered on March 2, 1987. The decree gave Mother primary custody of the two children with reasonable rights of visitation and temporary custody to Father. The decree did not contain a provision which would have prevented Mother from taking the children out of the state without the court's permission or father's written consent, although § 452.377 RSMo 1986 prohibited a custodian from doing so.

Mother remarried in 1987 and in 1988 moved to Texas with the children and her husband. Since January 30, 1988, the children have resided with Mother and her husband in Texas. On June 27, 1990, Mother filed an "Original Petition for Termination and Adoption of Stepchildren" in Dallas County, Texas. Father was personally served at the federal prison in Leavenworth, Kansas, and entered his appearance in the Texas proceeding. On September 18, 1990, Father filed a "Motion to Modify Decree of Dissolution of Marriage As To Child Custody and Support" in the Missouri circuit court. On October 28, 1990, Mother filed a special entry of appearance to contest the jurisdiction of the Missouri court. Father's mother intervened as a party.

On December 5, 1990, upon motion of the Father, the trial court amended the Decree of Dissolution nunc pro tunc to prohibit Mother from changing the residence of the children to another state or removing them from the State of Missouri for a period of time exceeding ninety days, except upon order of the court or with the written consent of Father. In a separate order the court found that Mother was not notified of the provisions of § 452.377 because that section was inadvertently omitted from the final decree and found *sua sponte* that Mother did not willfully or knowingly act in contempt of the dissolution decree when she removed the children from Missouri.

On February 5, 1991, the trial court dismissed Father's Motion to Modify and granted Mother's Motion to Quash for lack of jurisdiction. It declined jurisdiction on the grounds that the district court in Dallas County, Texas was exercising jurisdiction relating to the custody of the children in conformity with the Uniform Child Custody Jurisdiction Act (UCCJA), §§ 452.440–452.-550 RSMo 1986.

The first appeal is from the amendment of the decree nunc pro tunc. The decree was originally entered on a standardized form on which various provisions, each preceded by an empty box, were printed in numerical order. Directions on the form indicated the applicable provisions were to be checked. Provision 3A was not checked on this form, nor were the names of the children filled in where applicable. That

provision was designed to incorporate into the decree the requirements of § 452.377 RSMo 1986 prohibiting the removal of the children from the state for 90 days or more without the permission of the court or the father. A certified typewritten decree, prepared from the form, also did not contain any provision prohibiting the removal of the children. Father moved to have the decree amended. The court found that Mother's attorney had failed to check the box on the decree form which caused the clerk to fail to include that provision in the certified typewritten copy of the decree. The court further found that the provisions of Section 452.377 were incorporated into the decree as a matter of law, even if the box was not checked, and amended the decree nunc pro tunc.

Nunc pro tunc proceedings may be used only to correct clerical mistakes in recording the judgment rendered. *Overby v. Overby*, 682 S.W.2d 872 (Mo.App.1984). A nunc pro tunc entry cannot be used to correct judicial mistakes or oversights, or to enter a judgment different from that actually rendered. *Katz v. Katz*, 708 S.W.2d 816, 818 (Mo.App.1986); *Missouri Highway and Transp. Comm'n v. Roth*, 735 S.W.2d 19 (Mo.App.1987). If a statute directs that a judgment contain certain language or provisions, then the omission of such language or provisions in the judgment will be attributed to clerical error which may be corrected by a nunc pro tunc order. *Katz v. Katz*, 708 S.W.2d 816, 818 (1986); *Missouri Highway and Transp. Comm'n v. Roth*, 735 S.W.2d 19, 22 (Mo.App.1987). Section 452.377 does not specifically mandate that its terms be included in an order, although an order appears to be contemplated. However, we need not reach the issue of whether the provision was required to be in the decree because Mother, as custodian, was bound by that section whether it was included in the order or not. Mother's rights under the decree were not changed in any way by the nunc pro tunc order. *Katz*, 708 S.W.2d at 818, 819. We may not reverse a judgment for nonprejudicial error. *Patison v. Campbell*, 337 S.W.2d 72, 76 (Mo.1960). The order

amending the decree nunc pro tunc is affirmed.

The second appeal is from the order finding Mother not in contempt. Both parties agree that the trial court erred when it ruled *sua sponte* that Mother was not in contempt. No motion to find Mother in contempt had been filed, no show cause order had been requested or issued, and no evidentiary hearing had been held. The trial court was without jurisdiction to rule on the issue of contempt. *Cooper v. Cooper*, 778 S.W.2d 694, 697 (Mo.App.1989). The order finding Mother not in contempt is reversed.

The third appeal is from the denial of Father's Motion to Modify and the grant of Mother's Motion to Quash for Lack of Jurisdiction. Father argues that Missouri retains jurisdiction to modify custody under the UCCJA. We disagree.

A court may not modify a prior custody decree unless it has jurisdiction under the provisions of § 452.450. § 452.-410 RSMo (1990 Supp.). Jurisdiction under that section is available if Missouri is the home state, it is in the best interest of the child, the child is physically present in the state, or no other state has jurisdiction. However, even if jurisdiction is established under § 452.450, a Missouri court may not exercise that jurisdiction if, at the time of filing the custody proceeding, a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with §§ 452.440–452.550, unless the proceeding is stayed by the court of that other state for any reason. § 452.465(1) RSMo 1986; *Hempe v. Cape*, 702 S.W.2d 152 (Mo.App.1985).

Father's first two arguments are not set out in his points on appeal; accordingly, we review them only for plain error. Father first asserts that these statutes should not be used to defer to Texas jurisdiction because Mother wrongfully took the children to Texas. We disagree for two reasons. First the trial court found that Mother did not engage in misconduct, because she had no notice that she was prohibited from removing the children to another state. Second, under the UCCJA, misconduct may be grounds to decline jur-

isdiction but is not grounds to assume it. See § 8 UCCJA, 9 ULA 251 (1968); § 452.-475 RSMo 1986; see also *In re Marriage of Panich,* 672 S.W.2d 718, 720 (Mo.App. 1984).

 Father next argues that the proceeding in Texas was not within the scope of §§ 452.440–452.550 RSMo. The statute requires that *jurisdiction* be exercised substantially in conformity with those statutory provisions. The Texas court took jurisdiction under Tex.Fam.Code Ann. § 11.53 which is similar to § 3 of the UCCJA and § 452.450 RSMo. It is thus exercising jurisdiction substantially in conformity with §§ 452.440–452.550 RSMo.

Father next argues that his motion was really one to enforce, not to modify, and the Missouri court retains enforcement jurisdiction. Missouri retains jurisdiction to enforce a Missouri decree, even if it may not modify it, because another action is pending in another jurisdiction acting in substantial conformity with the UCCJA. *Levis v. Markee,* 771 S.W.2d 928 (Mo.App.1989). Father argues that his motion, which seeks to modify visitation from general "reasonable times" to specific time periods, is an action to enforce the original decree and not to modify it. There is a distinction between modification jurisdiction and enforcement jurisdiction. "Modification jurisdiction involves holding an evidentiary hearing to determine a change in circumstances and best interests of the child, whereas enforcement jurisdiction is limited to determining whether a custody order was valid when entered and can be enforced." *Levis,* 771 S.W.2d at 931. In his motion, which was entitled "Motion to Modify Decree of Dissolution of Marriage as to Child Custody and Support" and brought under §§ 452.370, 452.410, and 452.411 RSMo, all modification provisions, Father alleged a change of circumstances and prayed for modification of the original decree to reduce child support and provide a new visitation schedule for father and father's mother to have temporary custody. This was clearly a motion to modify and not an enforcement action. This point is denied.

The order of the trial court amending the decree nunc pro tunc is affirmed.

The order of the trial court finding Carla Ray not to be in contempt is reversed.

The order of the trial court granting the Motion to Quash and Denying the Motion to Modify on jurisdictional grounds is affirmed.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.