**Donna M. HAYDON, Appellant,**

v.

**Mark DARROUGH, Respondent.**

No. 72552.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 17, 1998.

Zerman & Mogerman, L.L.C., Cary J. Mogerman, Mary E. Niemira, Clayton, for appellant.

Mark Darrough, pro se.

PUDLOWSKI, Judge.

Mark Darrough (Father) filed a motion for contempt against his former wife, Donna Haydon (Mother), for failure to follow a Missouri custody decree. Father alleged Mother, a Virginia resident, failed to comply with the court order dictating the time and manner their daughter would visit him in Indiana. The trial court found Mother in contempt, and then modified the original court order. Since Missouri courts lack subject matter jurisdiction to enter such a modification, we reverse.

The parties obtained a divorce decree from the Circuit Court of St. Louis City in 1986. At that time, Mother was a Missouri resident and Father lived in Indiana. The Decree of Dissolution [1] awarded Mother general custody of the couple's only child. Father was awarded reasonable temporary custody and reasonable visitation, to be exercised in Indiana.

In February 1996, the trial court modified its custody decree of dissolution to allow Mother and the child to relocate to Virginia. The modified decree required Mother to purchase airline tickets so the child could visit Father in Indiana. Mother was to make all flight arrangements thirty days in advance, and to mail Father a copy of the ticket upon purchase. The order also dictated that the child was to arrive in Indiana no later than ten p.m.

On January 3, 1997, Father filed, pro se, an Order to Show Cause and Verified Motion for Contempt for Mother's failure to properly transport the child to Indiana for Christmas visitation. The motion alleged Mother failed to purchase and mail a copy of the child's ticket within thirty days of the flight, that the flight did not arrive by the ten p.m. deadline, and that the child did not have accompaniment on the flight. After a hearing, the court found Mother in contempt. As punishment, the court modified the order of dissolution to give the child more time in her father's custody. The court did not impose any monetary or other enforcement penalty upon Mother.

■ Mother appealed, alleging that the court was without subject matter jurisdiction to modify the order of dissolution because, under Uniform Child Custody Jurisdiction Act (UCCJA) Section 452.450 and 452.410 RSMo (1994),[2] only courts in the child's home

---

1. The original order was modified on two later occasions by the Missouri court. In the first, the court increased the Father's support obligation and specifically defined the Father's rights of temporary custody and visitation. In the second, the court entered a consent Judgment and Order of Modification of Decree of Dissolution, which gave Mother permission to relocate with the child to Virginia, and changed some aspects of the father's visitation schedule. We will refer to the last amended order of modification simply as "custody decree."

2. All statutory references herein are to RSMo (1994).

state may modify a custody determination absent special circumstances not present in this case. We agree.

A court may not modify a prior custody decree unless it has jurisdiction under the provisions of Sections 452.450 and 452.410. Jurisdiction in Missouri under the UCCJA is not available unless: (1) Missouri is the home state or was the home state within the last six months, (2) it is in the best interest of the child because both evidence and "significant connection" are in this state, (3) the child is physically present in the state and has been either abandoned or faces an emergency, or (4) no other state has jurisdiction. *Id.; In re Marriage of Ray,* 820 S.W.2d 341, 345 (Mo.App. E.D.1991).

None of the statutory factors were present to give Missouri subject matter jurisdiction. The child has not lived in Missouri since February of 1996 so Missouri is not her home state. Section 452.450.1(1)(a). By the time of the February 1997 hearing in the instant case she had lived in Virginia for nearly a year, well over the six month time limit. Section 452.450.1(b). There have been no allegations that such a modification is in the best interests of the child. Section 452.450.2. The child was not physically present in Missouri. Section 452.450.3. Jurisdiction is proper in Virginia, not in Missouri. Section 452.450.1(4). Therefore, the court was without jurisdiction to modify the decree.

While Missouri courts have properly *enforced* valid custody decrees with contempt action even where there was no jurisdiction to modify, the court's order in the instant case improperly *modified* the decree. *See, Levis v. Markee,* 771 S.W.2d 928, 931 (Mo. App. E.D.1989); *Ray,* 820 S.W.2d at 345. Actions in contempt to enforce custody decrees in past cases were characterized by fines or other non-modification penalties. *Levis,* 771 S.W.2d at 931. However, in the instant case, the trial court changed the circumstances of the family by providing a new visitation schedule and by modifying the extent of Father's temporary custody. *See, Ray,* 820 S.W.2d at 345. This was clearly a modification, even though the court's order was labeled "contempt." Father has recourse to modify the court order, but such an action is not proper in Missouri.

Reversed.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.