CGI SILVERCOTE, INC., Appellant,

v.

CUSTOM WAREHOUSE, INC., and Jerry Lipps d/b/a Jerry Lipps Trucking Company, Respondents.

No. ED 80009.

Missouri Court of Appeals, Eastern District, Southern Division.

June 18, 2002.

700

Kenneth L. Dement, Jr., Sikeston, MO, for appellant.

Albert C. Lowes, Cape Girardeau, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

CGI Silvercote, Inc. (CGI), appeals from the trial court's grant of summary judgment in favor of Custom Warehouse, Inc., and Jerry Lipps d/b/a Jerry Lipps Trucking (collectively referred to as Custom Warehouse) on CGI's petition to enforce a mechanic's lien. CGI contends the trial court erred in granting Custom Warehouse's motion for summary judgment because there was a genuine issue of material fact as to whether the amount owed was in dispute at the time Custom Warehouse issued the check with the notation "accept as payment in full." Because we find there is a genuine issue of material fact as to when the dispute arose, we reverse the trial court's grant of summary judgment and remand for further proceedings.

In January 1999, Custom Warehouse accepted a bid from CGI for roofing and insulation materials in the amount of $208,840.00 for construction of a ware-house. CGI is in the business of selling roofing materials and leasing equipment to install roofing materials. Custom Warehouse signed a lease agreement with CGI to rent machinery for the installation of the materials at a charge of $3.00 per day to commence 12 weeks after Custom Warehouse's receipt of the machines. CGI considered the lease agreement to be a separate contract from the $208,840.00 bid contract. Custom Warehouse considered the lease agreement to be part of the $208,840.00 bid contract.

Custom Warehouse paid CGI a total of $210,512.00 by way of four checks: a check for $48,410.78 dated April 29, 1999; a check for $28,719.09 dated May 14, 1999; a check for $63,211.45 dated June 14, 1999; and a final check for $70,170.68 dated October 22, 1999. The October 22, 1999, check for $70,170.68 had a notation in the bottom left corner on the front of the check which read, "ACCEPT AS PAYMENT IN FULL ONLY." This check was received into CGI's lock box and deposited into CGI's account. At the time Custom Warehouse issued the final check, Custom Warehouse was still in possession of CGI's machines.

CGI served notice of intent to file a mechanic's lien on Custom Warehouse on May 3, 2000, asserting a claim against Custom Warehouse for $41,923.45 as the remaining balance owed to CGI on material and equipment supplied to Custom Warehouse. On May 15, 2000, CGI filed a mechanic's lien. On June 8, 2000, Custom Warehouse sent a letter stating it paid $210,000.00 for the insulation and believed the contract was fulfilled. In the letter, Custom Warehouse stated the machines were ineffective and did not intend to pay anything further towards the $41,923.45. On August 2, 2000, CGI filed a Petition to Enforce Mechanic's Lien. Thereafter, Custom Warehouse filed a motion for sum-

mary judgment with affidavits stating there was a dispute about the amount Custom Warehouse owed CGI when Custom Warehouse issued a final payment of $70,170.68 with the notation, "ACCEPT. AS PAYMENT IN FULL ONLY." In its motion for summary judgment, Custom Warehouse maintained that when CGI negotiated the check it was an accord and satisfaction of the dispute. CGI responded to Custom Warehouse's motion for summary judgment stating that at the time of the final payment made by Custom Warehouse, there was no dispute regarding the amount Custom Warehouse owed to CGI. Subsequently, the trial court granted Custom Warehouse's motion for summary judgment and CGI now appeals.

In its sole point, CGI argues the trial court erred in granting summary judgment in favor of Custom Warehouse because there was a genuine issue of material fact regarding whether the amount Custom Warehouse owed CGI was in dispute at the time Custom Warehouse issued its final check. We agree.

Our review of summary judgment is essentially de novo. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to the party against whom judgment was entered. *Id.* Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* A "genuine issue" exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of essential facts. *Id.* at 382. Any evidence in the record that presents a genuine dispute as to material facts defeats the motion. *Id.*

■ The guidelines for accord and satisfaction by use of an instrument are set forth in Section 400.3–311, RSMo 2000.

Section 400.3–311, RSMo 2000, provides that a claim is discharged by accord and satisfaction if the person against whom a claim is asserted proves the following: (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, (iii) the claimant obtained payment of the instrument, and (iv) the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim. Section 400.3–311(a)(b), RSMo 2000.

■ CGI maintains it established a genuine issue of material fact as to the second element, whether the amount of the claim was unliquidated or subject to a bona fide dispute. CGI argues summary judgment was not proper on Custom Warehouse's claim of accord and satisfaction because CGI's evidence showed it did not know there was a dispute as to the amount when Custom Warehouse issued the final check. In an affidavit filed by CGI, CGI's chief financial officer stated CGI did not learn of the notation on the check or that Custom Warehouse was disputing the $41,923.45 amount until CGI received the June 8, 2000, letter from Custom Warehouse's general manager. We find the conflict between the affidavits is sufficient to create a genuine issue of material fact as to whether there was a bona fide dispute regarding the amount due at the time Custom Warehouse issued the final October 1999 check with the notation. A trial court has no authority to weigh credibility on conflicting affidavits in adjudicating a motion for summary judgment. *New Prime, Inc. v. Professional Logistics Management Co., Inc.*, 28 S.W.3d 898, 904 (Mo.App. S.D.2000). Accordingly, we find the trial court erred in entering summary judgment

in favor of Custom Warehouse and CGI's point is granted.

The trial court's grant of summary judgment is reversed and the cause is remanded for further proceedings.

CRAHAN, P.J., and MARY K. HOFF, J., concur.