**Robert A. HORNE and Ann L. Horne, Plaintiffs,**

v.

**James EBERT and David Gwinn, d/b/a Accu Plumbing, Respondents,**

**PARKER CONSTRUCTION, INC., Appellant.**

**No. WD 61087.**

Missouri Court of Appeals, Western District.

June 24, 2003.

Michael Andrew Childs, Kansas City, for appellant.

Derrick Anthony Peace, Overland Park, KS, for respondent.

RONALD R. HOLLIGER, Judge.

Appellant Parker Construction, Inc., appeals the grant of summary judgment in favor of respondents James Ebert and David Gwinn, d/b/a Accu Plumbing, and the denial of their cross-motion for summary judgment. Parker contends that the trial court erred in concluding that an indemnification agreement between Parker and Accu did not require Accu to indemnify Parker against claims arising from Parker's own negligence. Parker also claims that the trial court erred in granting summary judgment against Parker on its second claim that Accu breached its contract with Parker by failing to obtain liability insurance that named Parker as an additional insured.

We reverse the summary judgment with regard to the indemnification issue because the claim had been dismissed earlier by the court, which, therefore, deprived the court of jurisdiction to enter judgment upon that claim. In regard to the breach of contract issue, we conclude that a genuine dispute of material fact precluded the trial court's grant of summary judgment, and the judgment below is reversed and the matter remanded for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

The present controversy originated in an accident at a residential construction site. Appellant Parker Construction, Inc., was the general contractor on the project, and Accu Plumbing (hereinafter "Accu"), a business owned by respondents James Ebert and David Gwinn, was one of Parker's subcontractors. Plaintiff Robert A. Horne, an employee of a plumbing supply company, was assisting employees of Accu move a tub/shower unit into the construction site, when he fell through a hole in the floor of the building (the hole had been cut out for installation of a fireplace). The plaintiff brought suit against both Parker and Accu, seeking to recover for injuries sustained in the accident.

Parker subsequently brought a one-count cross-claim against Accu. In its cross-claim, Parker contended that Accu agreed to indemnify Parker for all claims arising out of the work at the construction site, including claims arising out of Parker's own negligence. At a later point, discussed in more detail *infra*, Parker filed an amended cross-claim asserting a second cross-claim based on breach of contract by Accu. The alleged breach was Accu's failure to have Parker named as an additional insured on Accu's liability policy. Parker settled out of the personal injury case in October 2002. Sometime later, Parker's cross-claims against Accu were severed from that case, and Accu tried the plaintiff's remaining claims to a jury. Accu prevailed at trial against the plaintiff and was found to bear no fault for the plaintiff's injuries. At this point, Parker's claims against Accu remained pending.

Because of our disposition of the summary judgment on the indemnity cross-claim it is necessary to set forth, in detail, the somewhat convoluted procedural history.

7/28/99 Parker files Cross–Claim (contractual indemnity alone).

3/8/00 Accu files Motion for Summary Judgment.

5/25/00 Accu's Motion for Summary Judgment is denied.

7/10/00 Accu files Motion to Reconsider regarding the denial of its motion for summary judgment.

8/29/00 Parker files Motion to File Amended Cross–Claim.[1] The amended cross-claim reasserts the contractual indemnity claim and adds a second count for breach of contract arising out of Accu's failure to make Parker an additional insured under its liability policy.

9/11/00 "Partial" Summary Judgment entered on Accu's original motion for summary judgment.

9/25/00 Leave granted for Parker to file its Amended Cross–Claim (adding a second count for breach of contract).

10/10/00 Dismissal of claims by Plaintiff Horne against Parker.

10/11/00 Accu files its Answer to Parker's Amended Cross–Claim

10/16/00 Accu files a Motion to Dismiss Count I of Amended Cross–Claim, on grounds that the claim in Count I had already been adjudicated.

10/18/00 Accu files First Amended Answer to Parker's Amended Cross–Claim.

10/25/00 Accu files its Second Motion for Summary Judgment, arguing that Count I of Parker's

---

1. The amended cross-claim was file-stamped, but no leave was apparently granted to file the amended pleading on the file-stamped date.

cross-claim is barred by res judicata and that Count II is barred by the affirmative defense of waiver.

1/02/01 Count I of Parker's Amended Cross–Claim is **dismissed** by the court upon Accu's 10/16/00 Motion to Dismiss. The trial court denies both Accu's and Parker's motions for summary judgment and severs Parker's cross-claim from Horne's (still pending) claims against Accu.

12/12/01 Parker seeks reconsideration of the denial of its Motions for Summary Judgment

02/12/02 Court enters Summary Judgment in favor of Accu

The February 2002 grant of summary judgment sustains motions to reconsider filed by Parker. It then denies the cross-motion for summary judgment that was filed by Parker at a time when the cross-claim contained only one count (the indemnification claim). That judgment also grants Accu summary judgment on its second motion for summary judgment as to Count II of the amended cross-claim and then regrants the original summary judgment sought by Accu against Parker regarding Parker's first cross-claim prior to Parker's amendment adding the second count to the cross-claim. No mention is made of the dismissal of Count I of the Amended cross-claim entered on November 2, 2001.[2]

The present appeal is brought from that judgment. It is important to note that no appeal is taken from either the January 2, 2001, order of dismissal of Count I of the amended cross-claim or from its underlying grant of summary judgment regarding Parker's indemnification claim on September 11, 2000. Nor was the January 2, 2001, dismissal ever set aside.

## I. THE TRIAL COURT LACKED JURISDICTION TO GRANT SUMMARY JUDGMENT ON THE INDEMNIFICATION CROSS–CLAIM

A few basic principles must be restated to explain the context of our dilemma regarding the trial court's last judgment. The original grant of summary judgment by Judge Nixon in September 2000 was interlocutory, not because there was a second cross-claim count (the court had not yet granted leave to file the amended cross-claim at that point) but because plaintiff Horne's original claim for personal injury was still pending.[3] An interlocutory summary judgment remains open for reconsideration by the court until such time as a final appealable final judgment is entered. Rule 74.01(b). The second principle is that once an amended cross-claim was filed it superseded the original cross-claim. *See State ex rel. Crowden v. Dandurand*, 970 S.W.2d 340, 342 (Mo. banc 1998). In effect, therefore, the trial court, in 2002, granted partial summary judgment on a superseded and abandoned pleading. Instead of seeking summary judgment with regard to Count I of the amended cross-claim, Accu instead sought to have that count dismissed. The requested relief was granted by the trial court. Parker neither sought nor obtained an order setting aside that dismissal. Regardless of the propriety of the dismissal

---

**2.** The dismissal was not part of the legal file originally provided by the parties but was provided to us upon request pursuant to our authority under Rule 81.12(e).

**3.** We do not consider whether it would have become final when the primary claim and cross-claims were severed because, by the time the severance was granted, the second count of the cross-claim had been filed.

of Count I of its amended cross-claim,[4] Parker raises no error concerning that dismissal in the present appeal.

■ Thus, we are left with the conclusion that when Judge Daugherty granted reconsideration and reentered summary judgment on the indemnification cross-claim theory (the theory shared by the original cross-claim and Count I of the amended cross-claim), that claim, however, had already been dismissed. Although that dismissal did not denominate whether it was with or without prejudice, no party asked for the dismissal to be set aside nor did the court ever set aside the dismissal. The trial court had no pending cross-claim for indemnity pending before it in February 2002 when it purported to grant summary judgment regarding the indemnity claim. It was, therefore, without jurisdiction to enter summary judgment regarding the indemnification claim and, therefore, erred in granting summary judgment on that claim. That portion of the judgment below is therefore reversed.

## II. A DISPUTE OF MATERIAL FACT PRECLUDED SUMMARY JUDGMENT ON THE BREACH OF CONTRACT CLAIM

We next turn to that part of the judgment granting summary judgment on Count II of the amended cross-claim. In the second count of its cross-claim, Parker alleged that Accu breached its contract with Parker by failing to have Parker named as an additional insured on the liability insurance policy Accu obtained regarding the construction project.

To sustain the trial court's entry of summary judgment, we must conclude that there is no genuine dispute of material fact and the undisputed facts show that Accu

was entitled to judgment as a matter of law. *See ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply*, 854 S.W.2d 371, 380 (Mo. banc 1993). To prevail upon its motion for summary judgment, it was necessary for Accu, as a defending party, to establish either: (1) undisputed facts that negated any one of the essential elements of Parker's cross-claims, (2) that Parker would be unable, after adequate discovery, to produce sufficient evidence to permit the trier of fact to find the existence of any of the essential elements of the cross-claims, or (3) that there was no genuine dispute of material fact regarding the existence of each of the essential elements of Accu's affirmative defenses against the cross-claim. *See id.* at 381. In determining whether Accu met that burden, we must view the evidence in the light most favorable to Parker, the party against whom summary judgment was entered, and grant Parker the benefit of all reasonable inferences to be drawn from the record. *See id.* at 382.

On appeal, Parker argues that the trial court erred in granting Accu's motion for summary judgment and denying Parker's cross-motion for summary judgment regarding the second count of Parker's cross-claim (the breach of contract claim). Parker contends that there was no dispute of material fact that the agreement between Parker and Accu required Accu to obtain liability insurance that included Parker as an additional insured.

The indemnification agreement between Parker and Accu contained the following language:

7. That prior to starting work, Subcontractor shall procure and maintain in force, naming Contractor as an additional insured, Workers' Compensa-

---

**4.** We note that the dismissal was apparently ordered on the basis of *res judicata* which, of course, applies only to final judgments, which

the September 2000 summary judgment was not. *Norwine v. Norwine*, 75 S.W.3d 340, 344 (Mo.App.2002).

tion Insurance, Employers Liability Insurance, Automobile Liability Insurance and Comprehensive General Liability Insurance (the latter to the extent of Five Hundred Thousand Dollars ($500,000) in general coverage in favor of any one or more persons or entities and for any one accident[)] through acceptable Missouri approved insurance carriers. Subcontractor will provide certificates of insurance acceptable to the Contractor prior to the commencement of work.

Parker contends that this language required Accu to obtain insurance that named Parker as an additional insured. Accu, in reply, argues that Parker waived that contractual right, by not insisting on such insurance before requiring Parker to begin work.

■ Waiver is the *intentional* relinquishment of a known right. *Acetylene Gas Co. v. Oliver*, 939 S.W.2d 404, 409 (Mo.App.1996). While a party's conduct can result in waiver of a contractual right, "the conduct 'must be so manifestly consistent with and indicative of an intention to renounce a particular right or benefit that no other reasonable explanation of [the] conduct is possible.'" *Id.* (quoting *Waterwiese v. KBA Constr. Managers, Inc.*, 820 S.W.2d 579, 585 (Mo.App.1991)).

Accu claims that, for the three years leading up to the accident, it submitted to Parker copies of the insurance policies it had obtained, as required under the indemnification agreement. None of those policies named Parker as an additional insured. Accu contends that, by Parker's failure to require Accu to have it placed on the insurance policies as an additional insured, Parker has waived its rights to insist on such insurance.

Accu's contention was supported by the affidavit of James Ebert. However, Parker submitted the affidavit of Parker's office manager, which averred that Parker retains all insurance certificates submitted by the contractor and that there was no record that certificates of insurance were ever submitted by Accu in the three years claimed by Accu.

■ Whether Parker received certificates of insurance from Accu that failed to name Parker as an additional insured is central to the question of whether Parker knowingly relinquished its contractual right to have Accu obtain such insurance. The trial court cannot weigh the credibility of the conflicting affidavits presented by Parker and Accu. *CGI Silvercote, Inc., v. Custom Warehouse, Inc.*, 77 S.W.3d 699, 701 (Mo.App.2002). Those affidavits create a genuine dispute of material fact that precludes summary judgment for either party. *See id.*

Thus, we sustain Parker's second point on appeal. The judgment of the trial court is reversed with regard to its summary judgment on the breach of contract issue, and the matter is remanded for further proceedings consistent with this opinion.

JAMES M. SMART, JR., Presiding Judge, and ROBERT G. ULRICH, Judge, concur.