

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| DiSALVO PROPERTIES, LLC, | ) | No. ED104151 |
| | ) | |
| Plaintiff/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | |
| | ) | |
| DEBORAH B. PURVIS, ELIZABETH E. | ) | |
| NOLAN, NIS CONSTRUCTION | ) | |
| SERVICES, LLC, and JENNINGS | ) | |
| STATION CROSSING, LLC, | ) | |
| | ) | |
| Defendants, | ) | Honorable Michael D. Burton |
| | ) | |
| and | ) | |
| | ) | |
| GARY L. HALL, BENTLEY | ) | |
| INVESTMENTS OF NEVADA, LLC, and | ) | |
| PENFIELD'S BUSINESS CENTERS, LLC, | ) | |
| | ) | |
| Defendants/Respondents. | ) | Filed:  September 20, 2016 |

### Introduction

DiSalvo Properties, LLC (Appellant) appeals from the trial court's summary judgment

entered in favor of Gary L. Hall (Hall), Bentley Investments of Nevada, LLC (Bentley), and

Penfield's Business Centers, LLC. (Penfield's) (collectively Respondents).  We dismiss for lack

of a final, appealable judgment.

Factual and Procedural Background

Appellant's petition alleges it is a judgment creditor of Deborah B. Purvis (Purvis) in that on January 20, 2011, it obtained a judgment in the circuit court of St. Louis County against her in the amount of $1,501,041, which remains unsatisfied. Appellant further alleges claims of fraudulent transfer and conspiracy to make fraudulent transfer against Purvis and six other defendants, to-wit: Respondents Hall, Bentley, and Penfield's; and Defendants NIS Construction Services, LLC (NIS), Elizabeth E. Nolan (Nolan); and Jennings Station Crossing, LLC (Jennings Station).

Respondents (except for Hall, who joined in the motion orally) and Defendant Jennings Station filed a motion for summary judgment which, after briefing, response, and argument, was granted by the circuit court on September 10, 2015, as follows:

### Order & Judgment

Motion for Summary Judgment filed by Defts Jennings Station Crossings, LLC, Bentley Investments of Nevada LLC & [Penfield's] Business Centers LLC called, heard & granted. Judgment entered in their favor and against plaintiff. Deft Hall joined in this Motion for Summary Judgment. Judgment granted to Hall & against plaintiff.

Motion for Summary Judgment filed by Defts NIS Const. Services & Nolan called, heard & taken under submission. These parties & plaintiff granted until September 17, 2015 to submit additional proposed findings of fact & suggested order.

On September 15, 2015, Appellant filed a Motion to Amend Judgment for Purposes of Immediate Appeal. In the motion, Appellant stated: "COMES NOW PLAINTIFF and pursuant to Rule 74.01(b),[1] moves this Court amend its Order and Judgment of September 10, 2015 so as to reflect a final judgment which Plaintiff may immediately appeal." Appellant attached a proposed Amended Judgment which contained, among other things, the language "Pursuant to

---

[1] All rule references are to Mo. R. Civ. P. 2015, unless otherwise indicated.

Rule 74.01(b), the Court hereby determines that there exists no just reason for delay in the entry of this Judgment." On September 28, 2015, the circuit court denied the Motion for Summary Judgment filed by NIS and Nolan that it had taken under submission in its September 10, 2015 Order and Judgment.

On October 19, 2015, in response to Appellant's Motion to Amend Judgment for Purposes of Immediate Appeal filed on September 15, the circuit court entered a judgment as follows:

Judgment

Pltf's Motion to Amend Judgment called, heard & granted. Order granting Summary Judgment to Defendant Hall amended to be a Judgment entered on behalf of Deft Hall.

On March 11, 2016, the circuit entered the following typewritten judgment:

*NUNC PRO TUNC* JUDGMENT

On October 19, 2015, the Court heard plaintiff's Motion to Amend Judgment for Purposes of Immediate Appeal. That motion was granted. The Court expressly determined there is no just reason for delay pursuant to Rule 74.01(b) and judgment was entered in favor of defendant Jennings Station Crossing, LLC; [Penfield's] Business Centers, LLC; Bentley Investments of Nevada, LLC; and Gary L. Hall and against plaintiff DiSalvo Properties, LLC on all claims of plaintiff against these defendants pending herein.

IT IS SO ORDERED.

Point on Appeal

Appellant maintains the trial court erred in granting summary judgment in favor of Respondents because Appellant presented genuine issues of material fact that undermined the credibility of Hall's denial that he agreed to help Purvis hinder and delay her creditors by diverting her income payments through NIS.

3

Discussion

A reviewing court has the duty to determine its jurisdiction *sua sponte*. Beckmann v. Miceli Homes, Inc., 45 S.W.3d 533, 538 (Mo.App. E.D. 2001). A prerequisite to appellate review is that there be a final judgment. Boley v. Knowles, 905 S.W.2d 86, 88 (Mo.banc 1995). In order for a judgment to be final, it must dispose of all issues in the case and leave nothing for future determination. Superlube, Inc. v. Innovative Real Estate, Inc., 147 S.W.3d 880, 881 (Mo.App. S.D. 2004). Until there is an order dismissing the proceedings or disposing of the cause as final, the trial court retains jurisdiction. Bauman v. Monia, 905 S.W.2d 127, 128 (Mo.App. E.D. 1995).

Rule 74.01(b) provides for Judgment Upon Multiple Claims or Involving Multiple Parties:

> When more than one claim for relief is presented in an action … or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay*. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added.) Pursuant to Rule 74.01(b)'s finality exception, a trial court may enter a judgment on less than all claims and certify that there is "no just reason for delay." Jensen v. Allstate Ins. Co., 349 S.W.3d 369, 374 (Mo.App. W.D. 2011), citing Gibson v. Brewer, 952 S.W.2d 239, 244 (Mo.banc 1997). This certification is required to take an interlocutory appeal. Jensen, 349 S.W.3d at 374. Neither the circuit court's summary judgment of September 10, 2015 nor its amended judgment of October 19, 2015 included the language of Rule 74.01(b) required to make an interlocutory judgment properly certified for appeal.

4

The circuit court's March 11, 2016 "*Nunc Pro Tunc* Judgment" purported to rectify the prior judgments, but failed to do so. *Nunc pro tunc* judgments can only be used to make corrections that were omitted from the judgment but "were actually done" and evidenced in the record. McGuire v. Kenoma, LLC, 447 S.W.3d 659, 664 (Mo.banc 2014); Rule 74.06(a). Here, it is not evidenced in the record the circuit court expressly determined there was no just reason for delay pursuant to Rule 74.01(b) in its September 10, 2015 or October 19, 2015 judgments. Therefore, it cannot issue a *nunc pro tunc* order purporting to clarify what was not done. Unlike an amended judgment under Rule 75.01, a *nunc pro tunc* judgment is not a "judicial declaration of the parties' rights" but merely a judicial power to ensure the accuracy of its own records. Pirtle v. Cook, 956 S.W.2d 235, 242 (Mo.banc 1997). Moreover, unlike an amended judgment under Rule 75.01, a correction by a *nunc pro tunc* judgment does not create a new judgment. Id. at 239; McGuire, 447 S.W.3d at 663. Instead, the corrected judgment relates back to the time the original judgment was issued, with nothing changed regarding the time limit for appeals of the original judgment and no notice or opportunity to be heard is required. Pirtle, 956 S.W.2d at 241; McGuire, 447 S.W.3d at 664. *Nunc pro tunc* cannot be used to add anything to the judgment that is not in some way already reflected in the record, even if a judge should have included or intended to include the omission or has a laudatory motive in wanting to amend the judgment. McGuire, 447 S.W.3d at 663; City of Ferguson v. Nelson, 438 S.W.2d 249, 253 (Mo.1969); see also Soehlke v. Soehlke, 398 S.W.3d 10, 21 (Mo.banc 2013) (finding a *nunc pro tunc* judgment was not authorized under Rule 74.06(a), "[h]owever laudatory the court's purpose").

Because the circuit court did not expressly determine there was no just reason for delay pursuant to Rule 74.01(b) in its September 10, 2015 or October 19, 2015 judgments, and the

5

March 11, 2016 *nunc pro tunc* judgment failed to correct that omission, the summary judgment appealed from by Appellant is not a final judgment because there remain pending parties and claims in the lawsuit. Additionally, since the circuit court failed to properly certify the interlocutory summary judgment, and there are pending parties and claims in this case, the interlocutory summary judgment in favor of Respondents remains open for reconsideration by the court until such time as a final appealable judgment is entered. Value Lumber Co. v. Jelten, 175 S.W.3d 708, 713 (Mo.App. S.D. 2005); Horne v. Ebert, 108 S.W.3d 142, 145 (Mo.App. W.D. 2003); Rule 74.01(b).

For the foregoing reasons, Appellant's appeal is dismissed.

### Conclusion

The appeal is dismissed.

_____
SHERRI B. SULLIVAN, P.J.

Roy L. Richter, J., and
Colleen Dolan, J., concur.