

# In the
# Missouri Court of Appeals
## Western District

IN RE THE MARRIAGE OF: )
HOLLY CHRISTINE HYDE )
AND MICHAEL JAMES HYDE; )
HOLLY CHRISTINE HYDE, )
)
    Appellant, )    WD87426
)
V. )    OPINION FILED:
)    APRIL 8, 2025
MICHAEL JAMES HYDE, )
)
    Respondent. )

**Appeal from the Circuit Court of Boone County, Missouri**
The Honorable Joshua Calvin Devine, Judge

Before Division Two: Janet Sutton, Presiding Judge, Mark D. Pfeiffer, Judge and
Gary D. Witt, Judge

Holly Hyde ("Wife") appeals a judgment from the Circuit Court of Boone County,
Missouri ("trial court"), granting Michael Hyde's ("Husband") motion to dismiss Wife's
motion for a *nunc pro tunc* order. On appeal, Wife asserts the trial court erred in granting
Husband's motion to dismiss because Wife's motion sufficiently stated a claim for a *nunc
pro tunc* order because the trial court's judgment and decree of dissolution of marriage
contained erroneous language as a result of a clerical mistake. Finding no error, we
affirm the judgment of the trial court.

**Factual and Procedural Background[1]**

Husband and Wife were married in June of 1996 and share three children. On April 23, 2020, Wife filed a petition for legal separation. Husband subsequently filed an answer to Wife's petition and a counter petition for dissolution of marriage. Husband and Wife entered into and signed under oath a separation and property settlement agreement ("Agreement"). On January 12, 2021, the trial court entered its judgment and decree of dissolution of marriage, incorporating the parties' Agreement. Regarding maintenance, the Agreement detailed Husband's non-modifiable maintenance obligations to Wife for a period of ninety-six months. The maintenance provision concluded with the following: "The parties agree that, based on the total circumstances, these sums are non-modifiable, and will terminate upon death or remarriage of either party."

On May 22, 2023, Wife filed a motion to set aside the Agreement, or for a *nunc pro tunc* order. In her motion, Wife alleged that neither Husband's attorney nor Wife's attorney discussed with each other or agreed to Husband's maintenance obligation terminating upon his remarriage. Thus, Wife requested the Court to amend the judgment by a *nunc pro tunc* order to correct the judgment because it erroneously included this language. On June 9, 2023, Husband filed a motion to dismiss and strike Wife's motion. The trial court held a hearing on the matter.

---

[1] "In reviewing a [trial] court's grant of a motion to dismiss, we treat the facts in the petition as true and construe them liberally in favor of the plaintiff." *McDonald v. Chamber of Com. of Indep.*, 581 S.W.3d 110, 112 n.2 (Mo. App. W.D. 2019).

At the hearing, Wife narrowed her argument and requested relief solely on her request for a *nunc pro tunc* order pursuant to Rule 74.06(a).[2] Both parties agreed there was no reason to call witnesses or present evidence on the matter because the issue was purely a question of law about whether the alleged mistake could be classified as a clerical mistake under Rule 74.06(a). If it was a clerical mistake, the trial court retained jurisdiction because clerical errors may be corrected by the trial court at any time. Rule 74.06(a). If, however, the allegations in Wife's petition did not establish this was a clerical mistake, but rather a mistake, inadvertence, surprise, or excusable neglect under 74.06(b)(1), the trial court would lack jurisdiction because Wife's motion was untimely filed more than one year after the underlying judgment was entered.

Following the hearing, at the request of the trial court, both parties filed suggestions in support of their respective motions. Wife argued relief under 74.06(a) was appropriate because the trial court's judgment included a clerical mistake as it provided that maintenance would terminate upon the remarriage of "either party" which defied logic and was inconsistent with the default language codified in section 452.370.3.[3] Conversely, Husband argued relief under 74.06(a) was not appropriate because the alleged error was not a clerical mistake. Rather, Husband asserted the written judgment accurately reflected the trial court's actual judgment in that it was identical to the parties' signed Agreement. According to Husband, Wife was requesting the trial court to change

---

[2] All Rule references are to the Missouri Supreme Court Rules (2024) unless otherwise noted.

[3] All statutory references are to the Revised Statutes of Missouri (2016) as currently updated by supplement, unless otherwise noted.

its judgment due to Wife's "alleged unilateral misunderstanding of the terms."

Thereafter, the trial court granted Husband's motion to dismiss. This appeal follows.

## Standard of Review

The trial court treated Husband's motion as a motion to dismiss and did not address the merits of Wife's motion. This Court reviews a trial court's grant of a motion to dismiss *de novo*. *Bell v. Shelter Gen. Ins. Co.*, 701 S.W.3d 614, 618 (Mo. banc 2024). In situations like this one, where the trial court did not specify the basis for its decision to grant Husband's motion to dismiss, "we presume the dismissal was on a basis set forth in the motion to dismiss, and we will affirm the dismissal if it can be supported on any basis set forth in the motion to dismiss." *Hartman v. Logan*, 602 S.W.3d 827, 835 (Mo. App. W.D. 2020). Here, Husband's motion effectively argued that Wife's motion for a *nunc pro tunc* order failed to state a claim for relief. "A motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition." *Kemp v. McReynolds*, 621 S.W.3d 644, 652 (Mo. App. E.D. 2021). Thus, we are to review Wife's motion for *nunc pro tunc* relief "in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action or of a cause of action that might be adopted in that case." *Bell*, 701 S.W.3d. at 618.

**Analysis**

In her sole point on appeal, Wife argues that the trial court erred in granting Husband's motion to dismiss Wife's motion for *nunc pro tunc* relief because she properly stated a claim for relief under Rule 74.06 as she sufficiently alleged there was a clerical mistake in the trial court's judgment and decree of dissolution of marriage.

"A nunc pro tunc judgment is a common law concept that recognizes a court's control over its records when it no longer has control over the case." *Bureaus Inv. Grp. v. Williams*, 310 S.W.3d 297, 300 (Mo. App. E.D. 2010). Rule 74.06(a) codified this concept and provides, "Clerical mistakes in judgments . . . arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." "[T]he only true function of a nunc pro tunc order is to correct some error or inadvertence in the recording of that which was *actually done*, but which, because of that error or omission was not properly recorded[.]" *Soehlke v. Soehlke*, 398 S.W.3d 10, 22 (Mo. banc 2013) (internal citation and quotation omitted). "[A] clerical error is often referred to as a typographical error." *Magellanic Seven, LLC v. Wentzville Church of God*, 705 S.W.3d 618, 624 (Mo. App. E.D. 2024). When determining whether an alleged error is a "clerical mistake," our focus is on what type of mistake was made, rather than who made the mistake. *McGuire v. Kenoma, LLC*, 447 S.W.3d 659, 663. (Mo. banc 2014). A presumption exists that there are no clerical errors in judgments, and thus the party seeking a correction must show that the judgment did not conform to the record. *Id.* at 665.

In Wife's motion for *nunc pro tunc* relief she alleged: the trial court's judgment incorporated a signed Agreement that was prepared by Husband's attorney; the trial court heard no testimony regarding the circumstances of the parties at the time of their divorce, the voluntariness of the agreement, the financial situation of the parties, the issue of unconscionability, or otherwise; the judgment contained no findings regarding the relative financial circumstances of the parties, Wife's reasonable needs, Husband's ability to pay maintenance, or any restrictions on termination of Husband's maintenance obligation; and, "[n]either attorney expressly discussed with the other, nor agreed to, the termination of Husband's maintenance obligation upon HIS remarriage." Wife's motion requested the trial court to correct its judgment to reflect that Husband's maintenance obligation does not terminate upon his remarriage.

Wife asserts in her brief that *nunc pro tunc* orders have been used in situations, like here, when "the Judgment does not reflect the actual agreement of the parties due to a clerical error, or when the Judgment inadvertently contains a maintenance provision that is inconsistent with Section 452.370." Wife primarily relies on *Katz v. Katz*, 708 S.W.2d 816 (Mo. App. E.D. 1986), and asserts the only difference between that case and the case at bar is who made the error. We find this case to be substantially and materially different than *Katz*.

In *Katz*, the Eastern District of this Court held a *nunc pro tunc* order was proper as there was a clerical mistake because the court clerk used the wrong form for the parties' dissolution judgment. *Id.* at 818. At the time, the trial court's decree forms had been revised to conform with federal tax law and provided that one's liability to pay

6

maintenance terminated on the death or remarriage of the recipient. *Id.* at 817. The Katzes' decree of dissolution was on an older form that did not include this updated language. *Id.* The Court found that the trial court's judgment of dissolution was the same whether or not the new form was used because, consistent with section 452.370 RSMo. (1986), maintenance was to terminate on the death or remarriage of the recipient unless the trial court specifically ruled otherwise. *Id.* at 818. Since the record in that case was silent as to the termination of maintenance, the Court concluded a *nunc pro tunc* order was proper to fix the clerical error of omission of the language as it did not change the substance of the judgment. *Id.*

Here, unlike in *Katz*, the trial court's judgment incorporated a signed Agreement from the parties that included a provision specifically detailing the termination of maintenance. Section 452.370.3 provides: "*Unless otherwise agreed in writing or expressly provided in the judgment*, the obligation to pay future statutory maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance." (emphasis added). Contrary to Wife's position, while the language in the trial court's judgment differs from the statutory default language, this does not in itself render Wife's motion sufficient in stating a claim for *nunc pro tunc* relief under Rule 74.06(a) because the parties are allowed to agree upon terms that differ from the default language in the statute. Section 452.370.3. As the party seeking relief, Wife had the burden to sufficiently allege facts that the judgment did not conform to the record to entitle her to relief via a *nunc pro tunc* order, and we find Wife failed to do so. *See McGuire*, 447 S.W.3d at 665.

7

From Wife's motion it is unclear whether she is alleging the error occurred during: the parties' creation and execution of the Agreement or the trial court's recording of the judgment. Wife alleges the parties never discussed or agreed to the "either party" language in the termination of maintenance provision, which could suggest that the alleged error occurred during the *creation* of the Agreement. Wife also alleges the judgment submitted to the trial court by the parties erroneously included this language in the termination provision. These two allegations can be squared together, as the alleged erroneous language in the Agreement would undoubtedly be included in the trial court's judgment as it wholly incorporated the parties' Agreement. An alleged error occurring during the creation of the parties' Agreement, however, cannot classify as a "clerical mistake" under Rule 74.06(a). *Cf. State v. Fizer*, 119 S.W.3d 640, 641 (Mo. App. W.D. 2003) (holding *nunc pro tunc* order proper where judgment incorrectly imposed a ten year sentence when the maximum sentence for the underlying conviction was one year); *Johnson v. Johnson*, 654 S.W.2d 212, 213-14 (Mo. App. E.D. 1983) (holding *nunc pro tunc* order was proper where parties entered into a separation agreement providing the maintenance award was to be reduced "*by* $13,500" upon the occurrence of a future event however, the trial court's judgment erroneously reported that the maintenance award was to be reduced "*to* $13,500" despite the court's intent to enter judgment in accordance with the parties' agreement). In this case, the language in the judgment is identical to the language in the Agreement.

Wife's assertion that the parties never discussed or agreed to the termination of maintenance language could suggest that the alleged error occurred during the trial court's

8

*recording* of the judgment. Wife's motion, however, is silent as to what language the parties actually agreed to regarding the termination of maintenance provision and the trial court's judgment in fact accurately reflects the written agreement of the parties. Thus, Wife's motion fails to draw a sufficient connection to how she believes the entered judgment was inconsistent with what the parties and trial court intended it to be in order to illustrate that the alleged error occurred during the recording of the judgment. Because of this, we find Wife's motion for a *nunc pro tunc* order does not sufficiently allege facts that could afford her relief under Rule 74.06(a). *See e.g.*, *Andrae v. Andrae*, 171 S.W.3d 170, 172 (Mo. App. E.D. 2005) (holding movant failed to show there was a clerical error in the trial court's recording of its judgment where he failed to provide evidence demonstrating that a different judgment was entered); *DiSalvo Props., LLC v. Purvis*, 498 S.W.3d 530, 533-34 (Mo. App. E.D. 2016) (stating a *nunc pro tunc* order was not proper where the trial court sought to make a correction to the judgment, but that alleged correction was not reflected anywhere in the record).

Moreover, Wife asserts on appeal that "while the Judge may have incorporated the [Agreement] submitted by the parties into the Judgment of Dissolution . . . the [Agreement] did not reflect the actual agreement or intentions of the parties." Wife is thereby asserting that the mistake occurred during the creation of the Agreement between the parties, as the language was "unintentionally included" in the Agreement which was executed by the parties and subsequently reflected in the trial court's judgment. As discussed, this type of alleged error is not one that affords a party *nunc pro tunc* relief

9

under Rule 74.06(a).  *See Soehlke*, 398 S.W.3d at 22.  Therefore, the trial court did not err in granting Husband's motion to dismiss.

## Conclusion

For the above stated reasons, we affirm the judgment of the trial court.

_____
Gary D. Witt, Judge


All concur

10